### DR. N. H. MATROS v. HOWARD OWEN.

(Filed 24 November, 1948.)

**Administrative Law § 4: Master and Servant § 53b (4): Physicians and Surgeons § 13—**

The sole remedy of a physician to recover for services to an injured employee where the employee and employer are subject to the Workmen's Compensation Act is by application to the Industrial Commission in accordance with G.S. 97-83 to consider plaintiff's bill for such services notwithstanding that the employer denies liability for the injury on the ground that it did not arise out of and in the course of the employment, G.S. 97-25. G.S. 97-26, and the physician may not challenge the constitutionality of

the relevant provisions of the statute by an independent suit against the employee to recover for the medical services.

APPEAL by defendant from *Alley, J.,* at Special May Term, 1948, of BUNCOMBE.

Civil action instituted in a justice of peace court of Asheville, Buncombe County, North Carolina, "for the recovery of the sum of Twenty-five ($25.00) Dollars due *ex contractu,* as alleged in verified complaint filed in this cause."

The complaint in this action differs from the complaint in the action of *Worley v. Pipes, ante,* 465, only in these respects: It is alleged here that:

2. That when defendant was injured, as stated in preceding paragraph, his employer as aforesaid directed him to see plaintiff for professional service, as a patient covered by the North Carolina Workmen's Compensation Act, and pursuant thereto defendant went to plaintiff, and requested and received surgical attention from plaintiff, resulting later in an uneventful complete recovery, due primarily to the skill and attention he received from plaintiff, the reasonable and fair value of plaintiff's services being $25.00.

3. That after notice to defendant's employer of his claim, and after plaintiff herein had filed with employer his schedule of charges or bill for professional services to defendant herein, the employer and carrier denied liability upon the ground that defendant did not sustain injury by accident arising out of and within the course of his employment.

4. That thereafter plaintiff filed with defendant a schedule of charges or bill and claim for payment of $25.00 for the professional services as aforesaid, which defendant refused to pay for that he was not legally liable to plaintiff therefor in that the provisions of the Workmen's Compensation Act prohibited plaintiff from accepting compensation from defendant, and that he made no contract with plaintiff for payment, but admitted that services rendered were worth the amount charged.

5. That the reasonable and fair value of plaintiff's services to defendant is the sum of $25.00; that the charge is such as prevails in the community in which plaintiff and defendant reside, for similar treatment of injured persons of like standard of living of defendant, when such treat-

ment is paid for by the injured person; and that defendant is indebted to plaintiff in the sum of $25.00, after demand and payment refused.

(It is not alleged that plaintiff has applied to North Carolina Industrial Commission for approval of his bill for services rendered to defendant.)

Defendant, answering, denied indebtedness to plaintiff in any amount, for reasons set up in further answer, but admitted all other allegations. In such further defense, defendant made substantially the same averments as were made by defendant in further answer in *Worley v. Pipes, ante,* 465, and further, that, notwithstanding the fact that employer denied liability and refused to pay for medical treatment required by defendant, he, defendant, is not liable for such charges because the statute requires employer to furnish medical attention even though the defendant was not entitled to compensation for the injury, which protection is granted defendant under the provisions of G.S. 97-25. And plaintiff, replying, alleges, the same matters and things as plaintiff in *Worley v. Pipes, ante,* 465, alleged in his reply.

The justice of the peace rendered judgment for plaintiff, and on appeal duly taken, docketed and heard in Superior Court the parties waived a jury trial and agreed, in accordance with the provisions of the statute, that the judge could hear and find the facts and make his conclusions of law and thereupon render judgment. Thereupon, the court finding the facts to be substantially as alleged in the complaint, and, being of opinion that the matters and things pleaded by plaintiff as set forth in his reply, are well founded, reached the same conclusions of law as in *Worley v. Pipes, ante,* 465, and rendered judgment for plaintiff in the sum of $25.00 with interest and costs.

Defendant appeals therefrom to Supreme Court, and assigns error.

*Sale, Pennell & Pennell for plaintiff, appellee.*
*Narvel J. Crawford for defendant, appellant.*

WINBORNE, J.   The defendant, appellant, presents on this appeal the same assignments of error as those presented in *Worley v. Pipes, ante,* 465.

The provisions of the North Carolina Workmen's Compensation Act, set forth in the opinion in *Worley v. Pipes, ante,* 465, are applicable to this case. However, the factual situation here differs from that in the *Worley case* in that here the plaintiff alleges in his complaint and the court finds as facts (1) not only that on 29 December, 1947, defendant was employed as a mechanic by Harry's Cadillac-Pontiac Company, which was subject to and had accepted the provisions of The North Carolina Workmen's Compensation Act, and was injured by accident arising out of and in the course of his employment, but that plaintiff rendered

surgical service to defendant with information from defendant that his employer had directed him, as a patient covered by the said Workmen's Compensation Act, to plaintiff for professional service; (2) that defendant complied with all the provisions of the North Carolina Workmen's Compensation Act by giving to his employer timely notice of his injury, and plaintiff filed with defendant's employer bill for the professional services to defendant; and (3) that said employer and his carrier declined to accept responsibility for the injury,—assigning as reason that from their investigation they were of opinion that defendant did not sustain injury by accident arising out of and in the course of his employment.

Thus, while it does not appear that either party applied to the North Carolina Industrial Commission for a hearing in regard to the matter at issue, and for a ruling thereon as provided in G.S. 97-83, plaintiff affirmatively alleges and the court finds that the parties were subject to and accepted the provisions of the Workmen's Compensation Act. That being so, the applicable remedy open to defendant and to plaintiff, in respect to his bill for services rendered, was to make such application to the Industrial Commission and have it consider for approval plaintiff's bill in the light of the provisions of G.S. 97-26. If the applicant be dissatisfied with the ruling of the Industrial Commission an appeal may be taken pursuant to provisions of the Compensation Act. Indeed, plaintiff may find that he may yet make such application. G.S. 97-22, G.S. 97-23, G.S. 97-24, and G.S. 97-47, as amended by 1947 Session Laws, Chapter 823. *Whitted v. Palmer-Bee Co.,* 228 N. C. 447, 46 S. E. (2) 109.

But under the facts alleged defendant is not indebted to plaintiff for the services rendered, and there is error in the finding of fact and conclusion of law and judgment that defendant is so indebted to plaintiff.

Therefore, as in *Worley v. Pipes, ante,* 465, plaintiff may not challenge the constitutionality of the act in the respects indicated.

The judgment below is

Reversed.