WAKE COUNTY HOSPITAL SYSTEM, INC., AND FORSYTH MEMORIAL HOSPITAL v. NORTH CAROLINA INDUSTRIAL COMMISSION; J. W. BEAN, CHAIRMAN; FORREST H. SHUFORD, II, MEMBER; AND WILLIAM F. MARSHALL, JR., MEMBER, NORTH CAROLINA INDUSTRIAL COMMISSION

No. 6910SC240

(Filed 27 May 1970)

**1. Master and Servant § 85— workmen's compensation — jurisdiction of Commission — challenge to schedule of hospital charges**

Action by nonprofit hospitals which challenged the validity of the schedule of hospital charges approved by the Industrial Commission in the treatment of workmen's compensation cases presented a question arising under the Compensation Act which was determinable by the Commission. G.S. 97-91.

**2. Master and Servant § 85— compensation cases — jurisdiction of Commission**

The section of the Workmen's Compensation Act providing that all questions arising under the Act shall be determined by the Industrial Commission is not limited in its application solely to questions arising out of an employer-employee relationship or in the determination of rights asserted by or on behalf of an injured employee. G.S. 97-91.

**3. Master and Servant § 85; Administrative Law § 2— compensation case — challenge to hospital charges — exhaustion of remedies before Commission**

Nonprofit hospitals which sought to challenge the validity of hospital charges approved by the Industrial Commission in the treatment of workmen's compensation cases were not entitled to maintain their action in the superior court on the ground that they had exhausted their administrative remedies before the Commission, where it was apparent from the hospitals' amended complaint that they had not sought and been denied Commission approval of any specific charge made by them for hospital services in a compensation case, as provided by Rule VIII of the Commission; therefore, the superior court properly sustained the Commission's demurrer to the complaint for failure of the hospitals to exhaust their remedies before the Commission.

**4. Administrative Law § 2— exclusiveness of administrative remedy**

When the legislature has provided an effective administrative remedy, it is exclusive.

APPEAL by plaintiffs from *McKinnon, J.,* February 1969 Regular Civil Session of WAKE Superior Court.

Plaintiffs are nonprofit corporations operating general hospitals on a nonprofit basis in Wake and Forsyth Counties, North Carolina. Defendants are the North Carolina Industrial Commission (the Commission) and its members. Plaintiffs filed this civil action in

Wake Superior Court seeking to enjoin enforcement by the Commission of so much of its rules and regulations as limit payment to plaintiff hospitals for hospital services rendered by them in Workmen's Compensation cases to amounts which plaintiffs allege are "below those normally charged by the plaintiff hospitals, and are less than the charges that prevail in the plaintiffs' respective communities for similar treatment of injured persons of a like standard of living when such treatment is paid for by the injured person." Plaintiffs allege that the defendant Commission is "without legal authority to adopt rules and regulations limiting the amount that can be paid to hospitals in North Carolina, including plaintiff hospitals, in Workmen's Compensation cases, below that customarily charged by hospitals in the community for like services." In an amended complaint plaintiffs further allege that review of the rates was "requested by the plaintiffs and a hearing was held at which time information was offered and additional information has been provided to the defendants," but that the "Commission has refused and continues to refuse to make a decision in regard to said rates."

From order sustaining defendants' demurrer interposed upon the grounds that plaintiffs failed to exhaust administrative remedies available under the provisions of the Workmen's Compensation Act, plaintiffs appealed.

*Hollowell & Ragsdale, by Edward E. Ragsdale, for plaintiff appellant, Wake County Hospital System, Inc.*

*Roddey M. Ligon, Jr., for plaintiff appellant, Forsyth Memorial Hospital.*

*Attorney General Robert Morgan and Staff Attorney (Mrs.) Christine Y. Denson for defendant appellee.*

PARKER, J.

[1] By this action plaintiffs seek to challenge the validity of the schedule of hospital charges approved by defendant Commission in the treatment of compensation cases subject to the provisions of the North Carolina Workmen's Compensation Act. That Act, in G.S. 97-91, provides:

> "All questions arising under this article if not settled by agreements of the parties interested therein, with the approval of the Commission, shall be determined by the Commission, except as otherwise herein provided."

[2] Charges of hospitals for hospital and nursing services under

the Workmen's Compensation Act are, by G.S. 97-90(a), expressly made subject to the approval of the Commission. G.S. 97-90(b) provides that any person who receives any fee or other consideration on account of services so rendered, unless such consideration is approved by the Commission, shall be guilty of a misdemeanor. It is, therefore, apparent that plaintiffs' action presents "questions arising under" the North Carolina Workmen's Compensation Act, which, by virtue of G.S. 97-91, "shall be determined by the Commission." G.S. 97-91 is not limited in its application, as appellants contend, solely to questions arising out of an employer-employee relationship or in the determination of rights asserted by or on behalf of an injured employee. *Clark v. Ice Cream Co.,* 261 N.C. 234, 134 S.E. 2d 354, did not so hold. On the contrary the North Carolina Supreme Court has held in *Worley v. Pipes,* 229 N.C. 465, 50 S.E. 2d 504, and in *Matros v. Owen,* 229 N.C. 472, 50 S.E. 2d 509, that the sole remedy of a physician to recover for services rendered to an injured employee in cases where the employee and his employer are subject to the Workmen's Compensation Act is by application to the Industrial Commission in accordance with the Act, with right of appeal to the courts for review, and that this remedy is exclusive. These decisions are equally applicable to charges for hospital services rendered to employees in Workmen's Compensation cases.

[3, 4] Appellants further contend that, even if it be conceded that their action presents a question arising under the Workmen's Compensation Act, they are nevertheless entitled to maintain their action because the allegations of their amended complaint establish that plaintiffs have exhausted their administrative remedies before the Commission. We do not agree. In their amended complaint plaintiffs alleged that "review of the North Carolina Industrial Commission rates was requested by the plaintiffs and a hearing was held at which time information was offered and additional information has been provided to the defendants," and that the Commission "has refused and continues to refuse to make a decision in regard to said rates." Even accepting these allegations as true, it is apparent from plaintiffs' amended complaint that they have not sought and been denied Commission approval of any specific charge made by either of them for hospital services rendered in a Workmen's Compensation case. Under the authority of G.S. 97-80(a), the Commission has adopted rules for carrying out the provisions of the Workmen's Compensation Act. Rule VIII of the Industrial Commission refers to the adoption of fee schedules fixing maximum fees which may be charged for medical, surgical, hospital, nursing, dental and other treatment rendered to injured employees coming within the pro-

visions of the Act. That rule expressly provides that: "Persons who disagree with the allowance of such fees in any case may make application for and obtain a full review of the matter before the Commission as in all other cases provided." The rule further provides that the fees prescribed shall govern, "except that in special hardship cases where sufficient reason therefor is demonstrated to the Commission, fees in excess of those so published may be allowed." Plaintiffs' amended complaint contains no allegation indicating that they have, in this or any other case, followed, much less exhausted, the administrative procedures available to them. "[W]hen the legislature has provided an effective administrative remedy, it is exclusive." *King v. Baldwin,* 276 N.C. 316, 172 S.E. 2d 12. For plaintiffs' failure to exhaust available administrative remedies, defendants' demurrer was properly sustained.

Affirmed.

MALLARD, C.J., and BRITT, J., concur.