NORTH CAROLINA CHIROPRACTIC ASSOCIATION, INC.; DR. ROBERT HAY, DR. FLETCHER G. KEITH, DR. JOHN T. TIERNEY, DR. DEAN R. KENNY, DR. JOE CASE, DR. PHILLIP VAN CAMPEN, DR. GARY DACKOR, DR. JAMES WATKINS AND DR. JOSEPH DUFFY v. AETNA CASUALTY & SURETY CO., AMERISURE INSURANCE CO., CRAWFORD & COMPANY, HARTFORD ACCIDENT & INDEMNITY CO., THE HOME INSURANCE CO., LIBERTY MUTUAL INSURANCE CO., THE SHELBY MUTUAL INSURANCE COMPANY AND UNITED STATES FIDELITY AND GUARANTY CO.

No. 8727SC657

(Filed 1 March 1988)

**Courts § 3.3; Master and Servant § 85— action by chiropractors against workers' compensation insurers—doctrine of primary jurisdiction**

In an action by chiropractors alleging that defendant workers' compensation insurers have interfered with their contractual rights by refusing to honor employers' choices of chiropractors as providers of health care under the Workers' Compensation Act, have committed unfair trade practices in violation of N.C.G.S. § 75-1.1 by representing to employer insureds that their policies do not provide coverage for chiropractic treatment, and have committed an illegal restraint of trade in violation of N.C.G.S. § 75-1 in that they have conspired among themselves and with members of the medical profession to deprive plaintiffs of business opportunities by refusing to pay for chiropractic services provided in compliance with the Workers' Compensation Act, it was *held* that under the doctrine of primary jurisdiction, the plaintiffs cannot maintain such action in the superior court without first seeking a determination of the underlying workers' compensation issues by the Industrial Commission. Therefore, the trial court's order dismissing plaintiffs' action for lack of subject matter jurisdiction is vacated and the case is remanded to the superior court for entry of an order staying plaintiffs' action pending a determination of the underlying workers' compensation issues by the Industrial Commission.

1

N.C. Chiropractic Assoc. v. Aetna Casualty & Surety Co.

APPEAL by plaintiffs from *Lamm (Charles C., Jr.), Judge.* Order entered 8 April 1987 in Superior Court, GASTON County. Heard in the Court of Appeals 10 December 1987.

Plaintiff North Carolina Chiropractic Association is a non-profit corporation composed of licensed chiropractors practicing in the State of North Carolina. The other individual plaintiffs are licensed chiropractors practicing in this State. Plaintiffs instituted this action on behalf of all licensed chiropractors doing business in North Carolina who were harmed by defendants' conduct, and moved for class certification in superior court.

The complaint alleges that defendants are corporations engaged in the business of insurance which provide policies of workers' compensation insurance to employers in North Carolina. Plaintiffs allege three causes of action against defendants. The first cause of action is entitled "malicious interference with contractual rights." Plaintiffs allege that defendants have interfered with their contractual rights by refusing to honor employers' choices of chiropractors as providers of health care treatment to employees under the Workers' Compensation Act. The second cause of action alleges that defendants have misrepresented to employer insureds that their workers' compensation policies do not provide coverage for chiropractic treatment, and that said misrepresentations are unfair and deceptive trade practices in violation of G.S. 75-1.1. The third cause of action alleges that defendants have conspired among themselves and with members of the medical profession to deprive plaintiffs of business opportunities by refusing to pay for chiropractic services provided in compliance with the Workers' Compensation Act. Plaintiffs allege that this conspiracy is an illegal restraint of trade in violation of G.S. 75-1 and 15 U.S.C. § 1.

All defendants moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the N.C. Rules of Civil Procedure. The trial court granted defendants' Rule 12(b)(1) motions on the ground that the North Carolina Industrial Commission had exclusive jurisdiction over the subject matter of plaintiffs' claims. From the order dismissing their complaint, plaintiffs appeal.

*Smith, Patterson, Follin, Curtis, James and Harkavy, by Norman B. Smith and Martha A. Geer; and Carl J. Stewart for plaintiff-appellants.*

*Moore and Van Allen, by Joseph W. Eason, Donald S. Ingraham, and Denise Smith Cline, for defendant-appellee Hartford Accident & Indemnity Company.*

*Hedrick, Eatman, Gardner and Kincheloe, by J. A. Gardner, III, and LeBoeuf, Lamb, Leiby and MacRae, by David Turetsky, for defendant-appellee Home Insurance Company.*

*Golding, Crews, Meekins and Gordon, by Henry C. Byrum, Jr., and Michael K. Gordon, for defendant-appellee Liberty Mutual Insurance Company.*

*Underwood, Kinsey and Warren, by Ralph C. Kinsey, Jr., for defendant-appellee Aetna Casualty & Surety Company.*

*Parker, Poe, Thompson, Bernstein, Gage and Preston, by Kevin A. Dunlap, for defendant-appellee Amerisure Insurance Company.*

*Kennedy, Covington, Lobdell and Hickman, by F. Fincher Jarrell, for defendant-appellee Crawford & Company.*

*Wade and Carmichael, by R. C. Carmichael, Jr., for defendant-appellee Shelby Mutual Insurance Company.*

*Stott, Hollowell, Palmer and Windham, by James C. Windham, Jr., for defendant-appellee United States Fidelity and Guaranty Company.*

PARKER, Judge.

The sole issue presented for review by this appeal is whether the trial court erred in dismissing plaintiffs' complaint for lack of subject matter jurisdiction. Plaintiffs contend that the Industrial Commission does not have exclusive jurisdiction over their claims, and that said claims are within the subject matter jurisdiction of the superior court. Plaintiffs further argue that the superior court must assert jurisdiction over their claims because they are unable to obtain relief for defendants' misconduct from the Industrial Commission. Defendants, on the other hand, argue that the statutory provisions governing payment of workers' compen-

sation mandate that jurisdiction of plaintiffs' claims lies in the Industrial Commission. Our research discloses no case in which the courts of this State have addressed the specific issue raised by this action: whether the superior court may properly hear claims which are within its jurisdiction when there are issues underlying these claims within the exclusive jurisdiction of an administrative agency.

Preliminarily, we note that one of plaintiffs' claims alleges a violation of a section of the Sherman Act, 15 U.S.C.A. § 1. The federal courts have exclusive jurisdiction over federal antitrust claims. *Blumenstock Bros. Advertising Agency v. Curtis Publishing Co.*, 252 U.S. 436, 440, 40 S.Ct. 385, 386, 64 L.Ed. 649, 652 (1920). Accordingly, any claim that plaintiffs may have under the Sherman Act cannot be brought in a state court.

All plaintiffs' claims are based on allegations of wrongdoing on the part of defendants with respect to workers' compensation insurance policies. By statute the Industrial Commission is vested with jurisdiction over "all questions arising under" the Workers' Compensation Act. G.S. 97-91. Therefore, to resolve this controversy, we need first to consider certain provisions of the Act.

Under the Workers' Compensation Act, an employee is generally required to obtain the employer's consent as to medical treatment. *Schofield v. Tea Co.*, 299 N.C. 582, 587, 264 S.E. 2d 56, 60 (1980). The employee may choose his own physician only if he obtains the approval of the Industrial Commission. *Id.* at 591, 264 S.E. 2d at 62; G.S. 97-25. If the employer and employee cannot agree on a course of treatment, then the Commission may order appropriate treatment to be provided at the employer's expense. G.S. 97-25. All fees for medical services provided pursuant to the Act must be approved by the Commission, G.S. 97-90, and the exclusive remedy for disputes as to medical treatment is a hearing before the Commission. *Worley v. Pipes*, 229 N.C. 465, 50 S.E. 2d 504 (1948). Thus, the Industrial Commission has ultimate control over the extent and cost of an employee's treatment under the Act.

General Statutes 97-98 and 97-99 provide that all insurance policies procured pursuant to the Act must comply with all relevant provisions of the Act. *Hartsell v. Thermoid Co.*, 249 N.C. 527, 532-33, 107 S.E. 2d 115, 119 (1959). Policy coverage is coexten-

sive with liability approved by the Commission under the Act. Therefore, plaintiffs' allegations that defendants have refused to provide coverage for treatment that has been agreed upon by employers and employees assert possible violations of the Act's provisions. Whether defendants' alleged conduct amounts to non-compliance with the Act depends on whether defendants have denied coverage for treatment that is authorized and approved under the Act. As noted above, what treatment is appropriate for a particular employee is a matter within the exclusive jurisdiction of the Industrial Commission.

Plaintiffs contend, however, that they are unable to pursue their claims with the Commission because only an employer or employee may institute such a proceeding. The question then is whether a provider of medical treatment may apply to the Commission for a determination of an insurer's obligations under the Act.

Although this issue has not been directly addressed in our courts, relevant case law indicates that plaintiffs could have obtained such a determination from the Commission. The Supreme Court has held in two cases that, when medical services are provided to an employee who has filed a claim under the Act, the provider must proceed under the Act to recover the cost of the services. *Matros v. Owen*, 229 N.C. 472, 50 S.E. 2d 509 (1948); *Worley v. Pipes*, 229 N.C. 465, 50 S.E. 2d 504 (1948). In both cases, a physician had brought an action seeking to recover the value of services rendered to an employee who was covered by the Act. The Supreme Court held that the physicians' sole remedies were under the Act. *Matros v. Owen, supra; Worley v. Pipes, supra.* In *Matros*, the Court stated: "the applicable remedy open to [the employee] and to [the physician], in respect to his bill for services rendered, was to make [an] application to the Industrial Commission . . . ." *Matros*, 229 N.C. at 475, 50 S.E. 2d at 511. Thus, the Court implicitly recognized the right of the physician to seek relief under the Act. Other jurisdictions have permitted providers of medical services to bring such claims before agencies charged with administering state workers' compensation acts. *See Smith v. Stephenson*, 641 S.W. 2d 900 (Tex. 1982); *Dump All, Inc. v. Grossman*, 475 So. 2d 976 (Fla. Dist. Ct. App. 1985).

The present case differs from the above-cited cases in that plaintiffs here are not seeking to collect for services rendered, but were apparently denied the opportunity to render their services when defendants refused to provide coverage. Under G.S. 97-98, an employee claiming compensation under the Act has the right to enforce the employer's workers' compensation insurance policy. *Hartsell v. Thermoid Co.*, 249 N.C. at 533, 107 S.E. 2d at 119. The employee's right to enforce the policy, however, arises from construing the contract of insurance as "a direct promise by the insurer to the person entitled to compensation enforceable in his name." G.S. 97-98. Although plaintiffs have not raised the issue in reference to G.S. 97-98, they have argued generally that the Commission may not hear their claims because they do not involve the rights of employees.

This argument is inconsistent with the allegations in plaintiffs' complaint. Plaintiffs have alleged that defendants have denied coverage for chiropractic services agreed upon by the employer and employee. This alleged conduct certainly affects the rights of employees who desire plaintiffs' services. Indeed, in the situations alleged, the employees could have applied to the Commission for relief. Questions regarding approval of a course of treatment and the liability of workers' compensation insurance carriers are properly brought before the Industrial Commission. *Greene v. Spivey*, 236 N.C. 435, 445, 73 S.E. 2d 488, 495-96 (1952); *Hedgepeth v. Casualty Co.*, 209 N.C. 45, 182 S.E. 704 (1935).

Although the conduct of which plaintiffs complain may have violated provisions of the Act and may initially be governed by the Act, plaintiffs are also asserting rights under the common law and G.S., Chap. 75. These causes of action raise issues that are clearly beyond the scope of the Act and the jurisdiction of the Industrial Commission. The Act does not take away common law rights that are unrelated to the employer-employee relationship. *See Bryant v. Dougherty*, 267 N.C. 545, 148 S.E. 2d 548, 28 A.L.R. 3d 1057 (1966) (Commission did not have jurisdiction over employee's malpractice claim against physician who treated employee's compensable injury); *Clark v. Ice Cream Co.*, 261 N.C. 234, 134 S.E. 2d 354 (1964) (Commission had no jurisdiction to reform workers' compensation policy when the rights of the employee were not involved).

*Spivey v. General Contractors*, 32 N.C. App. 488, 232 S.E. 2d 454 (1977) and *Wake County Hospital v. Industrial Comm.*, 8 N.C. App. 259, 174 S.E. 2d 292, *cert. denied*, 277 N.C. 117 (1970), cited by defendants, do not require a different conclusion. In *Spivey*, this Court held that the Commission had jurisdiction to determine whether the workers' compensation policy in question had been effectively cancelled before the date of the employee's injury. We noted that G.S. 97-99 provides for regulation of the cancellation of policies under the Act. *Spivey v. General Contractors*, 32 N.C. App. at 490, 232 S.E. 2d at 455. In *Wake County Hospital*, this Court held that the Commission had exclusive jurisdiction over an action brought by hospitals challenging the validity of the schedule of hospital charges under the Act. That decision was based on the Commission's statutory authority to regulate such charges. *Wake County Hospital v. Industrial Comm.*, 8 N.C. App. at 260-61, 174 S.E. 2d at 293. Thus, both *Spivey* and *Wake County Hospital* addressed issues clearly within the statutory jurisdiction of the Commission.

In support of their position, plaintiffs cite cases in which our Supreme Court has held that actions under G.S., Chap. 75 may be based on violations of other statutory regulatory schemes. *Pearce v. American Defender Life Ins. Co.*, 316 N.C. 461, 468-70, 343 S.E. 2d 174, 179 (1986) (action based on violations of provision of G.S., Chap. 58, Art. 3A, regulating insurance industry); *Winston Realty Co. v. G.H.G., Inc.*, 314 N.C. 90, 97, 331 S.E. 2d 677, 681 (1985) (action based on violations of provision of G.S., Chap. 95, Art. 5A, regulating personnel services). Plaintiffs contend that defendants' alleged misrepresentations to the effect that their policies do not provide coverage for plaintiffs' services are violations of G.S. 58-54.4, which defines unfair or deceptive trade practices in the insurance industry. In *Pearce, supra*, the Supreme Court held that a violation of G.S. 58-54.4 is, as a matter of law, a violation of G.S. 75-1.1. *Pearce v. American Defender Life Ins. Co.*, 316 N.C. at 470, 343 S.E. 2d at 179.

Defendants argue, however, that whether they actually made such misrepresentations depends on whether they were obligated to provide coverage, which in turn depends on whether plaintiffs' services were authorized under the Act. As discussed earlier, this question is within the exclusive jurisdiction of the Industrial Commission. Thus, although plaintiffs' causes of action may not ulti-

mately be within the Commission's jurisdiction, the factual issues upon which defendants' liability depends are exclusively within its jurisdiction.

*Pearce, supra,* did not involve such a situation. The insurance statute considered in *Pearce,* G.S. 58-54.4, can be enforced by the Commissioner of Insurance. G.S. 58-54.5. The Commissioner's remedial power, however, is limited to issuing cease and desist orders. *Comr. of Insurance v. Insurance Co.,* 28 N.C. App. 7, 11, 220 S.E. 2d 409, 412-13 (1975). There is no authority in statutory or case law suggesting that the Commissioner of Insurance has exclusive jurisdiction over questions arising under G.S., Chap. 58.

In view of the foregoing, we are of the opinion that the present case is properly controlled by the doctrine of primary jurisdiction:

> [The doctrine of primary jurisdiction] is altogether different from the doctrines of exhaustion and of ripeness, which govern the timing of judicial review of administrative action. The doctrine of primary jurisdiction determines whether the court or the agency should make the initial decision.
>
> The precise function of the doctrine of primary jurisdiction is to guide a court in determining *whether the court should refrain from exercising its jurisdiction until after an administrative agency has determined some question or some aspect of some question arising in the proceeding before the court.* (Emphasis added.)

3 K. Davis, Administrative Law Treatise § 19.01 at 2-3 (1958). Although the courts of this State have not had occasion to apply this doctrine, it has long been invoked by the federal courts in cases where, as here, conduct alleged to be in restraint of trade also constituted possible violations of regulatory statutes or rules. *See, e.g., Ricci v. Chicago Mercantile Exch.,* 409 U.S. 289, 93 S.Ct. 573, 34 L.Ed. 2d 525 (1973) (antitrust suit stayed pending ruling by Commodity Exchange Commission); *Hansen v. Norfolk and Western Ry. Co.,* 689 F. 2d 707 (7th Cir. 1982) (antitrust suit stayed pending determination by Interstate Commerce Commission of all matters within its jurisdiction).

The trial court did not make findings of fact and the record before this Court consists only of the complaint and defendants'

answers and motions. Both parties, however, suggested in their briefs that an aspect of this case involves Section 7 of the Industrial Commission's Rating Guide and Fee Schedule and the use of a certain Industrial Commission form authorizing chiropractic services. At this juncture we have no evidence to identify the specific instances or nature of defendants' alleged misconduct, but the Industrial Commission, charged with administration of the Workers' Compensation Act, is better suited than the Court to identify and regulate alleged abuses, if any, by insurance carriers and health care providers in matters under the Workers' Compensation Act.

In *Ricci v. Chicago Mercantile Exchange, supra,* the Court's decision rested on three premises: (i) that it would be essential for the antitrust court to determine whether maintenance of the antitrust action would be affected by the regulatory scheme; (ii) that some aspects of the dispute were within the statutory jurisdiction of the administrative agency; and (iii) that adjudication of the dispute by the agency would be of material aid in resolving the question of whether the regulatory scheme provided any immunity from the antitrust laws. 409 U.S. at 302, 93 S.Ct. at 580, 34 L.Ed. 2d at 535-36. The same factors are present in the case at bar. As plaintiffs state in their brief, their claims involve "essentially state antitrust issues." Some aspects of plaintiffs' claims are clearly within the Industrial Commission's jurisdiction, and resolution of these aspects could possibly also determine the resolution of plaintiffs' claims under the common law and G.S., Chap. 75. If, for instance, defendants are found to have complied with all provisions of G.S., Chap. 97, any cause of action under Chapter 75 would certainly be affected, if not barred. Similarly, the rights of the insurance carrier under the Act vis a vis agreements between the employer and employee for medical treatment and services are clearly pertinent to any determination whether the insurance carrier has interfered with contractual rights of a health care provider or has improperly refused to pay for health care services. At the very least, rulings by the Commission on matters within its jurisdiction will clarify the issues to be resolved in superior court.

We therefore hold that, under the facts as alleged in plaintiffs' complaint, they cannot maintain this action in superior court without first seeking relief from the Industrial Commission. The

federal courts, when faced with issues of primary jurisdiction, often do not dismiss the case but stay the action pending an administrative ruling. *Ricci v. Chicago Mercantile Exch., supra; Hansen v. Norfolk and Western Ry. Co., supra.* This procedure relieves the plaintiffs of the burden of reinstituting the action at a later date, and prevents any applicable statutes of limitations from barring future claims. *Hansen v. Norfolk and Western Ry. Co.,* 689 F. 2d at 714.

The order of the superior court dismissing plaintiff's action is vacated and the case remanded to the trial court for entry of an order staying plaintiffs' action pending a determination of the underlying workers' compensation issues by the Industrial Commission.

Vacated and remanded.

Judges WELLS and ORR concur.