**HOGAN v. CONE MILLS CORP.**

[326 N.C. 476 (1990)]

LINDA M. HOGAN, ADMINISTRATRIX OF THE ESTATE OF JAMES C. HOGAN, DE-
CEASED, EMPLOYEE, PLAINTIFF v. CONE MILLS CORPORATION, EMPLOYER,
AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 344A89

(Filed 5 April 1990)

**Master and Servant § 94.3 (NCI3d)— workers' compensation—
refusal to set aside dismissal of original claim—no abuse of
discretion**

The Industrial Commission did not abuse its discretion
in refusing to set aside its earlier dismissal of plaintiff's original
claim for workers' compensation.

**Am Jur 2d, Workmen's Compensation §§ 570, 598, 599.**

APPEAL by defendants pursuant to N.C.G.S. § 7A-30(2) from
the decision of a divided panel of the Court of Appeals, 94 N.C.
App. 640, 381 S.E.2d 151 (1989), which reversed the Opinion and
Award of the North Carolina Industrial Commission filed 8 March
1988. Heard in the Supreme Court 13 February 1990.

*Turner, Enochs, Sparrow, Boone & Falk, P.A., by Peter F.
Chastain, for plaintiff appellee.*

*Smith, Helms, Mulliss & Moore, by J. Donald Cowan, Jr. and
W. Alexander Audilet, for defendant appellants.*

PER CURIAM.

This is a workers' compensation claim originally filed in 1976.
The worker, now deceased, sought benefits, now pursued by his
estate, for total disability allegedly caused by his long exposure
to cotton dust while in the employ of Cone Mills. The Industrial
Commission (Commission) originally dismissed the claim on pro-
cedural grounds but later invited Hogan to refile his claim, believ-
ing that certain new legislation entitled him to pursue the claim.
*See Hogan v. Cone Mills Corp.*, 315 N.C. 127, 337 S.E.2d 477 (1985),
hereinafter *Hogan I*. Pursuant to this "invitation" Hogan filed his
claim again in 1980, and the Commission concluded that Hogan
was totally disabled due to byssinosis and awarded him compensa-
tion. The Court of Appeals reversed, concluding among other things
that the Commission's dismissal of Hogan's original claim barred
Hogan's second claim under the doctrine of *res judicata. Hogan*

**HOGAN v. CONE MILLS CORP.**

[326 N.C. 476 (1990)]

*v. Cone Mills Corp.*, 63 N.C. App. 439, 305 S.E.2d 213 (1983). This Court in *Hogan I* reversed the Court of Appeals and remanded the matter to the Commission for further consideration.

In *Hogan I* we agreed with the Court of Appeals that the Commission's dismissal of Hogan's original claim so long as it remained in effect barred consideration of his second claim. Believing, however, that there were compelling circumstances which might lead the Commission in the exercise of its discretionary, inherent judicial power to set aside its dismissal of Hogan's original claim, we reversed the Court of Appeals and remanded the matter to the Commission for its determination of whether its earlier dismissal should be set aside. We said:

> The decision whether to set aside the judgment [of dismissal] rests, in the first instance, within the judgment of the Commission. If the Commission refuses to set aside the former judgment, Hogan's claim will be barred by *res judicata*. If . . . the Commission does set aside the former judgment, no final judgment on the merits will exist to bar [Hogan's second claim].

*Hogan I*, 315 N.C. at 142, 337 S.E.2d at 486.

On remand the Commission elected not to set aside its dismissal of Hogan's first claim, and the Court of Appeals reversed this decision, with one judge dissenting.

On this appeal we have carefully considered the arguments, new briefs, the Court of Appeals' majority and dissenting opinions, the record and our decision and opinion in *Hogan I*. We are simply unable to say under the circumstances of this case, as convoluted as they are, that the Commission's refusal to set aside the dismissal was an abuse of its discretion. While there is much in the case which would have justified its setting aside of the dismissal, we cannot say the Commission's decision to the contrary is wholly unsupported by reason. On this issue we cannot substitute our judgment for the Commission's.

The Court of Appeals decision, therefore, reversing the Commission is

Reversed.