NORTH CAROLINA INSURANCE GUARANTY ASSOCIATION, Plaintiff v. INTERNATIONAL PAPER COMPANY, f/k/a FEDERAL PAPER BOARD COMPANY, INC., JOHNS MANVILLE INTERNATIONAL, INC., CAROLINA STALITE COMPANY, LIMITED PARTNERSHIP, PIEDMONT INSULATION, INC., TEXFI INDUSTRIES, INC., GENE'S ELECTRIC, INC., BENJAMIN F. SHAW COMPANY, ROHN INDUSTRIES, INC., T.C. HENDRIX, d/b/a HENDRIX GARBAGE DISPOSAL, D. & B. INSULATION COMPANY, INC., MILLER BREWING COMPANY, PI MECHANICAL, INC., BROYHILL INDUSTRIES, INC., RHYNE MILLS, INC. AND B & G HEATING & AIR CONDITIONING, INC., Defendants

No. COA01-1179

(Filed 6 August 2002)

**Workers' Compensation— subject matter jurisdiction—insolvent insurers**

The trial court correctly dismissed a declaratory judgment action for lack of subject matter jurisdiction where plaintiff sought a declaration of its responsibilities pursuant to legislation concerning workers' compensation claims against insolvent insurers. The relief sought by plaintiff would directly impact the Industrial Commission's duty to determine pending cases and the Commission is empowered by statute and precedent to adjudicate the issue presented by plaintiff.

Appeal by plaintiff from order entered 12 June 2001 by Judge Howard E. Manning, Jr., in Wake County Superior Court. Heard in the Court of Appeals 22 May 2002.

*Moore & Van Allen, PLLC, by Joseph W. Eason and Christopher J. Blake, for plaintiff-appellant.*

*Battle, Winslow, Scott & Wiley, PA, by Marshall A. Gallop, Jr., for defendant-appellee International Paper Company f/k/a Federal Paper Board Company, Inc.*

*Parker, Poe, Adams & Bernstein LLP, by James C. Thornton and Kevin L. Chignell, for defendant-appellee Gamewell Mechanical, Inc.*

*Cranfill, Sumner & Hartzog, LLP, by Anthony T. Lathrop and Erin Fleming Taylor, for defendant Miller Brewing Company.*

*Wallace & Graham, PA, by Edward L. Pauley, Amanda Kims, and Jean Martin; Donaldson & Black, PA, by Todd Cline; Martin & Jones, by H. Forest Horne, Jr., for intervenors Lawrence Grace, et al.*

BRYANT, Judge.

On 7 July 2000, the North Carolina Insurance Guaranty Association (Association) commenced this action seeking a declaratory judgment as to its responsibilities pursuant to certain 1992 amendments to N.C.G.S. § 58-48-1 to -130 (Insurance Guaranty Association Act) and N.C.G.S. § 97-1 to -200 (North Carolina Workers' Compensation Act). The 1992 amendments in question, assigned to the Association certain responsibilities for claims made against insurers which had issued policies of workers' compensation insurance and became insolvent prior to 1 January 1993.

In the original complaint, the Association brought suit against sixteen employers to whom policies of insurance had been issued by insurers that had become insolvent prior to 1993, and against whom certain workers' compensation claims had been filed several years after 1993. After the dismissal of several of the original named employer defendants, the Association filed an amended complaint again naming sixteen employers as defendants and seeking the same relief. Sometime between the filing of the original and amended complaint, a number of employees or their representatives, filed motions to intervene in this proceeding. The motions to intervene were allowed.

Several employers and intervenors filed motions to dismiss the complaint. Following a hearing held on 17 November 2000, in an order filed on 12 June 2001, the motions to dismiss this action were allowed pursuant to N.C.R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction). The Association gave its notice of appeal on 9 July 2001.

## 1992 Amendments

Prior to 1992, the Commissioner of Insurance administered security funds, established in Article 3 of Chapter 97, to pay workers' compensation claims against employers whose insurance carriers had become insolvent. In 1992, the General Assembly enacted legislation amending the Insurance Guaranty Association Act (IGAA) and the Workers' Compensation Act, to bring these claims within the scope of the IGAA and under the administration of the Association. *See* 1991 N.C. Sess. Laws 802, § 6. The balances of the security funds previously created pursuant to Chapter 97, were transferred to two new separate accounts created within the IGAA.[1] The Association

---

1. The legislation created a new Stock Fund Account and Mutual Fund Account.

assumed responsibility for administering the accounts in accordance with the provisions of Article 48.

The 1992 amendments provided that the Association, in administering the funds, is to "[p]ay stock or mutual carrier claims made against the security funds . . . but only for claims existing before January 1, 1993." 1991 N.C. Sess. Laws .802, § 7. In addition, the amendments provided that funds "shall be used to pay the claims against insolvent stock workers' compensation insurers and insolvent mutual workers' compensation insurers, respectively, . . . where the insolvency occurred prior to January 1, 1993 . . . ." 1991 N.C. Sess. Laws 802, § 10.

---

## Issue

The issue presented is whether the trial court had subject matter jurisdiction to interpret the scope of the Association's statutory responsibilities under the 1992 amendments. Specifically, the Association seeks a declaratory judgment as to whether it is obligated to defend and indemnify workers' compensation claims against insolvent insurers that arose prior to 1 January 1993, but which were not filed until after that date. For the following reasons, we hold that the trial court lacked subject matter jurisdiction to adjudicate the issue presented. The decision of the trial court is therefore affirmed.

## Analysis

The Industrial Commission is vested with jurisdiction to hear "[a]ll questions arising under" the Workers' Compensation Act. N.C.G.S. § 97-91 (2001). By statute, the Industrial Commission is charged with the duty of administering provisions of the Act such as to provide speedy, substantial and complete relief to all parties bound by the Act. *Greene v. Spivey*, 236 N.C. 435, 445-46, 73 S.E.2d 488, 496 (1952); *see* N.C.G.S. § 97-77 (2001). In addition to jurisdiction conferred by statute, our Supreme Court has stated that the Industrial Commission "possesses such judicial power as is necessary to administer the Workers' Compensation Act." *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 138, 337 S.E.2d 477, 483 (1985), *appeal after remand*, 94 N.C. App. 640, 381 S.E.2d 151 (1989), *reversed on other grounds*, 326 N.C. 476, 390 S.E.2d 136 (1990).

The workers' compensation claims referenced in the Association's complaint involve alleged occupational diseases suffered by employees and allegedly caused by exposure to hazardous materials

found in the employees' workplaces. The Association's action seeks, *inter alia*, to determine whether these employees (and similarly situated employees) are entitled to receive workers' compensation benefits out of the Stock Fund and/or Mutual Accounts Fund.

In making such a determination, certain issues of material fact arise, including: "1) how long was [the] employee exposed to the hazards of the occupational disease; 2) in whose employment was employee last injuriously exposed to the hazards of the occupational disease; and 3) who was the insurance carrier, if any, on the risk when [the] employee was last exposed." These factual determinations are within the exclusive jurisdiction of the Industrial Commission. In fact, these exact issues are pending before the Industrial Commission in the workers' compensation claims referenced in the Association's complaint.

The Industrial Commission has jurisdiction to interpret laws bearing on the claims before it. *Pearson v. C.P. Buckner Steel Erection Co.*, 348 N.C. 239, 498 S.E.2d 818 (1998), *appeal after remand*, 139 N.C. App. 394, 533 S.E.2d 532 (2000), *review denied*, 353 N.C. 379, 547 S.E.2d 434 (2001). Its jurisdiction also includes the right and duty to decide questions of fact and law regarding the liability of an insurance carrier. *Spivey v. General Contractors*, 32 N.C. App. 488, 232 S.E.2d 454 (1977); *see also, Greene v. Spivey*, 236 N.C. 435, 73 S.E.2d 488 (1952) (holding that questions of insurance coverage are within the jurisdictional parameters of the Industrial Commission). Pursuant to N.C.G.S. § 58-48-35(a)(2) (2001), the Association is deemed an insurer for the purposes of rendering payment for workers' compensation claims of insolvent insurers.

In the case at bar, the relief sought by the Association would directly impact upon the Industrial Commission's duty to determine whether indemnification and defense benefits are entitled to be granted in cases pending before the Industrial Commission. The Industrial Commission is empowered by statute and precedent to adjudicate the issue presented by the Association. We therefore affirm the decision of the trial court and hold that the trial court lacked subject matter jurisdiction regarding the issue involved.

AFFIRMED.

Judges WALKER and McCULLOUGH concur.