DEXTER LOWERY, PLAINTIFF-APPELLEE v. W. DAVID CAMPBELL D/B/A CAMPBELL INTERIOR SYSTEMS AND CISCO OF FLORENCE AND AUTO-OWNERS INSURANCE COMPANY, DEFENDANT-APPELLANTS

No. COA06-1164

(Filed 4 September 2007)

**1. Declaratory Judgments— subject matter jurisdiction— intended third-party beneficiary of workers' compensation coverage contract**

The trial court did not err in a declaratory judgment action by denying defendant's N.C.G.S. § 1A-1, Rule 60 motion for relief from judgment arising out of an alleged contractual agreement to provide workers' compensation coverage, based on alleged lack of subject matter jurisdiction, because: (1) in North Carolina, a person may bring an action to enforce a contract to which he is not a party if he demonstrates that the contracting party intended primarily and directly to benefit him or the class of persons to which he belongs; (2) plaintiff was an intended third-party beneficiary of defendant's insurance contract with Campbell; (3) while plaintiff's declaratory judgment action involves workers' compensation insurance, the Industrial Commission already heard plaintiff's claim against his employer and awarded benefits

**LOWERY v. CAMPBELL**

[185 N.C. App. 659 (2007)]

accordingly; (4) the only matters at issue in the declaratory judgment action were plaintiff's rights and privileges as an intended third-party beneficiary of the alleged contract between his employer, Locklear, and Campbell; and (5) although the Declaratory Judgment Act is not applicable to claims under the Workers' Compensation Act, it is applicable to construction of insurance contracts and in determining the extent of coverage.

## 2. Judgments— denial of motion to set aside entry of default—good cause

The trial court did not abuse its discretion in a declaratory judgment action by denying defendant's motion to set aside entry of default under N.C.G.S. § 1A-1, Rule 55(d) on the ground that defendant showed good cause, because: (1) when served with plaintiff's declaratory judgment action, defendant forwarded the papers to a South Carolina attorney with no instructions or request to take action; (2) no follow up investigation took place by defendant's insurance adjuster until after plaintiff had obtained the entry of default; and (3) it cannot be concluded that the trial court's denial of defendant's motion was manifestly unsupported by reason.

## 3. Judgments— default judgment—sufficiency of evidence

The trial court did not abuse its discretion in a declaratory judgment action by granting plaintiff's motion for default judgment even though defendant contends there was insufficient evidence to warrant plaintiff's recovery, because: (1) a number of facts were established by defendant's failure to answer the complaint including that Campbell contracted with Locklear to provide workers' compensation coverage for Locklear's employees, that Campbell contracted with defendant to provide the coverage, and plaintiff was entitled to payment of the Commission's 3 May 2000 opinion and award; and (2) the opinion and award provided a basis to justify the amount of the compensation sought by plaintiff.

Judge STROUD dissenting.

Appeal by defendant from order entered 7 June 2006 by Judge Jack A. Thompson in Robeson County Superior Court. Heard in the Court of Appeals 28 March 2007.

LOWERY v. CAMPBELL

[185 N.C. App. 659 (2007)]

*Musselwhite, Musselwhite, Musselwhite & Branch, by W. Edward Musselwhite, Jr., for plaintiff-appellee.*

*Anderson, Johnson, Lawrence, Butler & Bock, L.L.P., by Lee B. Johnson, for defendant-appellant.*

CALABRIA, Judge.

Auto-Owners Insurance Company ("defendant") appeals from 7 June 2006 order entered in Robeson County Superior Court denying its Rule 60 motion for relief from judgment. We affirm.

On 13 April 1998, Dexter Lowery ("plaintiff") was injured in a work-related accident in Myrtle Beach, South Carolina, while traveling in a vehicle from a job site. Plaintiff was employed by Donnie Locklear Drywall Services ("Locklear"), a subcontractor for W. David Campbell d/b/a Campbell Interior Systems and Cisco of Florence ("Campbell"), a South Carolina business. Defendant was traveling in another vehicle in front of the vehicle in which plaintiff was a passenger. Plaintiff subsequently filed a workers' compensation claim in North Carolina, Locklear's home state. In August of 2000, defendant, the workers' compensation carrier for Campbell, learned that a potential claim existed against Campbell for injuries plaintiff suffered in the accident. In December of that year, defendant denied plaintiff's claim, citing the expiration of the two-year statute of limitations for workers' compensation claims that North Carolina and South Carolina share.

The North Carolina Industrial Commission ("Industrial Commission") heard plaintiff's claim on 17 January 2001 and the deputy commissioner filed an opinion and award in favor of plaintiff and against Locklear. Neither defendant nor Campbell was a party to that action.

Plaintiff then filed a declaratory judgment action against defendant in Robeson County Superior Court on 9 September 2002. The complaint alleged that Campbell and Locklear had a contractual agreement where Campbell was to provide workers' compensation coverage to Locklear's employees. Defendant was served with the complaint on 19 September 2002 but failed to file an answer or any other pleading.

Plaintiff moved for entry of default and default judgment on 10 December 2002, and entry of default was entered on that date. Defendant then retained North Carolina counsel and moved to set aside the entry of default. The trial court denied defendant's

motion on 13 October 2003. The court heard plaintiff's motion for default judgment on 21 February 2005 and granted the motion on 8 November 2005.

Defendant then filed a Rule 60 motion for relief from judgment on 27 December 2005 and the trial court denied that motion in a 7 June 2006 order. From that order defendant appeals.

[1] On appeal, defendant initially argues the trial court erred in denying defendant's motion for relief from judgment on the ground that the judgment is void for lack of subject matter jurisdiction. Specifically, defendant argues the plaintiff lacked standing to seek a declaratory judgment on the insurance agreement between Campbell and Locklear and that the Industrial Commission has exclusive jurisdiction over this matter. We disagree.

North Carolina's declaratory judgment statute states as follows:

Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

N.C. Gen. Stat. § 1-253 (2005). "Any person interested under a deed, will, written contract or other writings constituting a contract . . . may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder." N.C. Gen. Stat. § 1-254 (2005). We have previously recognized that, "in North Carolina, a person may bring an action to enforce a contract to which he is not a party, if he demonstrates that the contracting parties intended primarily and directly to benefit him or the class of persons to which he belongs." *DeMent v. Nationwide Mut. Ins. Co.*, 142 N.C. App. 598, 604, 544 S.E.2d 797, 801 (2001) (citation omitted). We determine that plaintiff was an intended third-party beneficiary of defendant's insurance contract with Campbell and we reject defendant's contention that plaintiff has no standing.

We next consider defendant's argument that the Industrial Commission has exclusive jurisdiction over plaintiff's claim since the claim involves workers' compensation insurance. North Carolina

**LOWERY v. CAMPBELL**

[185 N.C. App. 659 (2007)]

General Statute § 97-91 (2005) states, "All questions arising under this Article if not settled by agreement of the parties interested therein, with the approval of the Commission, shall be determined by the Commission, except as otherwise herein provided." "By statute the Industrial Commission is vested with jurisdiction over 'all questions arising under' the Workers' Compensation Act." *N.C. Chiropractic Assoc. v. Aetna Casualty & Surety Co.*, 89 N.C. App. 1, 4, 365 S.E.2d 312, 314 (1988) (quoting N.C. Gen. Stat. § 97-91 (1988)).

While plaintiff's declaratory judgment action involves workers' compensation insurance, we reject appellant's contention because at the time plaintiff initiated the declaratory action, the Industrial Commission already heard plaintiff's claim against his employer and awarded benefits accordingly. The only matters at issue in the declaratory action were plaintiff's rights and privileges as an intended third party beneficiary of the alleged contract between his employer, Locklear, and Campbell.

This Court previously has stated that "[a]lthough [the Declaratory Judgment Act] is not applicable to claims under the Workmen's Compensation Act, it is applicable to construction of insurance contracts and in determining the extent of coverage." *Insurance Co. v. Curry*, 28 N.C. App. 286, 289, 221 S.E.2d 75, 78 (1976) (citing *Cox v. Transportation Co.*, 259 N.C. 38, 129 S.E.2d 589 (1963); *Insurance Co. v. Simmons, Inc.*, 258 N.C. 69, 128 S.E.2d 19 (1962)). "The [Workers' Compensation Act] does not take away common law rights that are unrelated to the employer-employee relationship." *N.C. Chiropractic Assoc.*, 89 N.C. App. at 6, 365 S.E.2d at 315 (citation omitted). By initiating the declaratory judgment action, plaintiff merely sought a determination as to his rights as a third-party beneficiary under the alleged contract between Locklear and Campbell. Because this contract is distinct from the employer-employee relationship, the superior court retained subject matter jurisdiction over plaintiff's claim.

The dissent cites *N.C. Ins. Guar. Ass'n v. International Paper Co.* as authority for the conclusion that plaintiff's declaratory action does, in fact, arise under the purview of the Workers' Compensation Act and thus resides within the exclusive jurisdiction of the Industrial Commission. In the cited case, the issue was "whether the trial court had subject matter jurisdiction to interpret the scope of the [North Carolina Insurance Guaranty] Association's statutory responsibilities under the 1992 amendments [to the Workers' Compensation Act]."

*N.C. Ins. Guar. Ass'n v. International Paper Co.*, 152 N.C. App. 224, 226, 569 S.E.2d 285, 286 (2002). However, the concern in that case was the Industrial Commission's ability to interpret its own statute and amendments. This is not the issue in the case *sub judice*, where we are concerned with the scope of the Industrial Commission's jurisdiction as it relates to matters ancillary to previously considered claims.

**[2]** Defendant next argues the trial court erred in denying defendant's motion to set aside entry of default on the ground that defendant showed good cause to set aside entry of default. North Carolina General Statute § 1A-1, Rule 55(d) (2005) allows a trial court to set aside entry of default for "good cause shown" pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) (2005). Rule 60(b) allows the trial court to set aside default in certain instances, including where "mistake, inadvertence, surprise, or excusable neglect" is shown or the judgment is void. *Id.* Defendant correctly notes that "default judgments are disfavored by the law." *N.C.N.B. v. McKee*, 63 N.C. App. 58, 61, 303 S.E.2d 842, 844 (1983).

However, "A trial court's decision to grant or deny a motion to set aside an entry of default and default judgment is discretionary. Absent an abuse of that discretion, this Court will not reverse the trial court's ruling." *Basnight Constr. Co. v. Peters & White Constr. Co.*, 169 N.C. App. 619, 621, 610 S.E.2d 469, 470 (2005) (internal citation omitted).

In denying defendant's motion to set aside entry of default, the trial court entered nine findings of fact in support of its decision. Those findings stated that defendant, when served with plaintiff's declaratory judgment action, forwarded the "papers" to a South Carolina attorney with no instructions or request to take action. The court further determined that no follow up investigation took place by defendant's insurance adjuster until after plaintiff had obtained the entry of default. These findings have not been assigned as error and are thus deemed binding on appeal. *In re S.N.H. & L.J.H.*, 177 N.C. App. 82, 83, 627 S.E.2d 510, 512 (2006).

On these facts, the trial court concluded that defendant was "not diligent nor was it attentive to its responsibilities and duties," and thus failed to demonstrate good cause to set aside the entry of default. We have previously determined that reversal for abuse of discretion is limited to instances where the appellant can show the judge's decision is "manifestly unsupported by reason." *Clark v.*

*Clark,* 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980). Based on the findings set out in its 13 October 2003 order, we cannot conclude that the trial court's denial of defendant's motion to set aside the entry of default was manifestly unsupported by reason. Accordingly, this assignment of error is overruled.

**[3]** Defendant lastly argues the trial court erred in granting plaintiff's motion for default judgment on the grounds that the evidence was insufficient to warrant plaintiff's recovery. We disagree.

A trial court's decision to enter a default judgment, like entry of default, is reviewable for abuse of discretion. *Basnight,* 169 N.C. App. at 621, 610 S.E.2d at 470. As such, we only find abuse of discretion where the trial court's judgment is "manifestly unsupported by reason."

North Carolina General Statute § 1A-1, Rule 8(d) (2005) states as follows:

> Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

*Id.* Because defendant failed to answer plaintiff's complaint, the allegations stated therein are deemed admitted. However, defendant's argument relies on *Baxter v. Jones,* 14 N.C. App. 296, 188 S.E.2d 622 (1972), which states that while the trial court is bound to accept the factual allegations in a complaint where no answer has been filed, it is under no such duty to accept the pleader's conclusions. Defendant here argues the trial court accepted plaintiff's conclusions regarding insurance coverage under the policy at issue. We find defendant's reliance on *Baxter* to be misplaced.

In the case *sub judice,* a number of facts were established by defendant's failure to answer the complaint. Those facts included that Campbell contracted with Locklear to provide workers' compensation coverage for Locklear's employees and that Campbell contracted with defendant to provide this coverage. It also established that plaintiff was entitled to payment of the Commission's 3 May 2000 opinion and award. The court did not accept the plaintiff's contention as to the amount owed under the opinion and award, but considered other evidence, including the award itself, which was incorporated by reference into the complaint. The award sets forth ten findings of fact

and then enters conclusions on those facts. As such, the opinion and award provided a basis to justify the amount of the compensation sought by plaintiff. The judgment of the trial court is affirmed.

Affirmed.

Judge McCULLOUGH concurs.

Judge STROUD dissents with a separate opinion.

STROUD, Judge dissenting.

I conclude that the case *sub judice* was not properly before the Superior Court, Robeson County, as that court lacked subject matter jurisdiction. The proper forum for this case was the North Carolina Industrial Commission ("Industrial Commission").

The North Carolina Worker's Compensation Act, which is codified in the North Carolina General Statutes, Chapter 97, provides that, "All questions arising under this Article if not settled by agreements of the parties interested therein, with the approval of the [Industrial] Commission, shall be determined by the Commission, except as otherwise herein provided." N.C. Gen. Stat. § 97-91 (2005).

> The [Industrial] Commission is specifically vested by statute with jurisdiction to hear "all questions arising under" the Compensation Act. This jurisdiction under the statute ordinarily includes the right and duty to hear and determine questions of fact and law respecting the existence of insurance coverage and liability of the insurance carrier.

*Greene v. Spivey*, 236 N.C. 435, 445, 73 S.E.2d 488, 495-96 (1952) (internal citations omitted).

In *N.C. Ins. Guar. Ass'n v. Int'l. Paper Co.*, the North Carolina Insurance Guaranty Association ("Association") brought a declaratory judgment action to determine its statutory responsibilities under the amended Insurance Guaranty Association Act and the Worker's Compensation Act. 152 N.C. App. 224, 226, 569 S.E.2d 285, 285, *petition denied by*, 356 N.C. 438, 572 S.E.2d 786 (2002). This Court affirmed the trial court's decision to dismiss the case for lack of subject matter jurisdiction concluding that "the relief sought by the Association would directly impact upon the Industrial Commission's duty . . . ." *Id.*, 152 N.C. App. at 227, 569 S.E.2d at 287. That duty

includes deciding "questions of fact and law regarding the liability of an insurance carrier." *Id.* (internal citation omitted).

In the case *sub judice* plaintiff was injured in a work-related accident and brought an action for a declaratory judgment "for the court to interpret the rights and privileges [p]laintiff has with regard to recovery of the benefits awarded in I.C. No. 915954 from the [d]efendants and from the insurance coverage described herein." The dispositive issue is determining the liability of an insurance carrier, here, Auto-Owners Insurance Company which falls within the jurisdiction of the Industrial Commission. *N.C. Ins. Guar. Ass'n*, 152 N.C. App. at 227, 569 S.E.2d at 287. This claim for relief falls within the jurisdiction of the Industrial Commission as it is a "question arising under" the purview of the Worker's Compensation Act. *See* N.C. Gen. Stat. § 97-91.

Additionally, I note that Campbell could have been joined as a defendant in the case against Donnie Locklear Drywall Services before the Industrial Commission.

> Any principal contractor, intermediate contractor, or subcontractor who shall sublet any contract for the performance of any work without requiring from such subcontractor or obtaining from the Industrial Commission a certificate, issued by a workers' compensation insurance carrier, or a certificate of compliance issued by the Department of Insurance to a self-insured subcontractor, stating that such subcontractor has complied with G.S. 97-93 hereof, shall be liable, irrespective of whether such subcontractor has regularly in service fewer than three employees in the same business within this State, to the same extent as such subcontractor would be if he were subject to the provisions of this Article for the payment of compensation and other benefits under this Article on account of the injury or death of any employee of such subcontractor due to an accident arising out of and in the course of the performance of the work covered by such subcontract.

N.C. Gen. Stat. § 97-19 (2005).

Campbell, as the principal contractor and owner of the insurance policy, could have been a defendant in the original suit heard by the Industrial Commission. Under N.C. Gen. Stat. § 97-19, Campbell, the principal contractor, is liable for the injuries received by plaintiff and thus is a proper party to any suit to recover for injury. *Id.*

Accordingly, I would reverse the trial court order for lack of subject matter jurisdiction.

I respectfully dissent.