BOBBY LEE ELLER, EMPLOYEE, PLAINTIFF v. J & S TRUCK SERVICES, INC., EMPLOYER; NORTHWESTERN INSURANCE CO., INSURER; GAB BUSINESS SERVICES, SERVICING AGENT, DEFENDANTS

No. 9010IC208

(Filed 30 October 1990)

**Master and Servant § 99 (NCI3d) — workers' compensation — division of attorneys' fee — no jurisdiction in Industrial Commission**

The Industrial Commission did not have jurisdiction to determine a controversy between plaintiff's attorneys concerning division of a fee awarded to plaintiff's attorneys in a workers' compensation case.

**Am Jur 2d, Workmen's Compensation § 644.**

APPEAL from order of the North Carolina Industrial Commission filed 15 September 1989. Heard in the Court of Appeals 20 September 1990.

*Ottway Burton, P.A. for plaintiff-appellant.*

*Teague, Campbell, Dennis & Gorham, by John A. Tomei, for defendants-appellees.*

*David B. Crosland, III, Attorney at Law, pro se.*

*No brief filed by Robert L. Saunders.*

JOHNSON, Judge.

This case involves a dispute over the splitting of a fee awarded to plaintiff's attorneys in a Workers' Compensation case. Bobby Lee Eller was injured in the course of his employment with J & S Truck Services. He signed a contract for legal services with Attorney Ottway Burton, P.A., on 17 July 1985. Attorney Burton alleges that he represented plaintiff Eller in negotiations with the insurance carrier which resulted in tentative agreement for a 15% permanent partial disability and a proposed recovery of $9,432.00. Attorney Burton further alleges that Bobby Lee Eller, for no valid reason, terminated the legal relationship between them and hired the partnership of Saunders and Crosland, III. Attorney Burton turned over his entire file to Eller on 9 December 1985. On 27 March 1986 Eller and Attorney Saunders executed Industrial Commission Form No. 26 which evidenced an agreement for 15% permanent partial disability and compensation at the rate of $262.00 for 36 weeks, the same settlement that Attorney Burton alleges that he had tentatively negotiated for Eller. Subsequently, the Commission authorized attorney fees of $2,358.00 and notified Attorney Burton and Attorneys Saunders and Crosland of the fee award "to be divided by both attorneys as they deem appropriate." A check for $2,358.00 was issued in the names of Saunders and Crosland, III. Attorney Burton alleges that he received no part of the fee award. Attorney Burton moved the Commission for a hearing which was held on 30 January 1989 before Deputy Commissioner Ford. Commissioner Ford found, *inter alia*: that the Commission had duly approved a settlement between Eller and his employer by Form 21 and Form 26 settlement agreements dated 15 May 1985 and 27 March 1986, respectively; that an attorney fee of $2,358.00 was approved 22 July 1986, to be divided by plaintiff's counsel

ELLER v. J & S TRUCK SERVICES

[100 N.C. App. 545 (1990)]

as deemed appropriate; that that sum was forwarded to Saunders and Crosland by GAB Business Services, the servicing agent for the insurance carrier; that the controversy between the parties is between Attorney Burton and Attorneys Saunders and Crosland with respect to the division of the fee; that the Commission is without jurisdiction to determine the controversy between counsel. The Deputy Commissioner's dismissal of the motion for lack of jurisdiction was affirmed by the Full Commission and Attorney Burton appeals.

The issue on appeal is whether the Commission properly dismissed the motion for lack of jurisdiction. Attorney Burton argues that the Commission has full authority over any disputes relating to legal fees for employees who are injured while subject to the Workers' Compensation Act and that the Commission should be responsible for dividing the fee between the competing lawyers. We disagree.

It is well settled in North Carolina that the Industrial Commission is a court of limited jurisdiction whose jurisdiction is "created by statute and confined to its terms." *Letterlough v. Atkins*, 258 N.C. 166, 168, 128 S.E.2d 215, 217 (1962). Attorney fees in compensation cases are made subject to approval of the Commission by G.S. § 97-90(a). Any person who receives a fee on account of services rendered in a Workers' Compensation case, unless such fee is approved by the Commission, is guilty of a misdemeanor. G.S. § 97-90(b). If an attorney has an agreement for a fee, he must file a copy of it with the hearing officer or Commission prior to the hearing and if it is deemed reasonable it will be approved. G.S. § 97-90(c). If the hearing officer or Commission deems the fee to be unreasonable an appeal can be had as set out in G.S. § 97-90(c).

In this case, Attorney Burton is not claiming that the Industrial Commission failed to compensate him for his efforts on behalf of employee Eller or that they found a reasonable fee to be unreasonable, but that they refused to divide the fee award between competing claims to it. Attorney Burton cites *Wake County Hospital System, Inc. v. North Carolina Industrial Commission*, 8 N.C. App. 259, 174 S.E.2d 292, *cert. denied*, 277 N.C. 117 (1970), and G.S. § 97-91 to support his claim. General Statutes § 97-91 provides: "All questions arising under this article if not settled by agreements of the parties interested therein, with the approval of the Commis-

BARBEE v. HARFORD MUTUAL INS. CO.

[100 N.C. App. 548 (1990)]

sion, shall be determined by the Commission, except as otherwise herein provided." In *Wake County Hospital* the plaintiffs operated hospitals in North Carolina. They claimed that the hospital charges approved by the Commission in compensation cases were below those normally charged by the hospitals and were below prevailing charges in like communities. They sought to have the superior court enjoin the Commission from enforcing such of its rules and regulations as limited the payments in these cases. On appeal, plaintiffs argued that G.S. § 97-91 limited the Commission solely to consideration of questions arising out of an employer-employee relationship or to the determination of rights asserted by or on behalf of an injured employee. The Court held that the application of G.S. § 97-91 is not limited solely to these questions but also covers remedies and charges expressly made subject to the approval of the Commission by the Workers' Compensation Act. *Wake County Hospital* and the cases cited therein do not support Attorney Burton's case but, to the contrary, emphasize that the jurisdiction of the Industrial Commission is limited by statute to those areas expressly made subject to the Workers' Compensation Act. Attorney Burton has not cited and we cannot find any statutory authority that would extend the Commission's jurisdiction to cover a dispute between plaintiff's attorneys over the division of attorney's fees.

Affirmed.

Judges EAGLES and PARKER concur.