RULING ON MOTION
Appellee's motion to disallow the Reply Brief of appellant to the Full Commission is, in our discretion, DENIED.
 ***********
The undersigned have reviewed the prior Orders of Deputy Commissioner Berger based upon the record of the proceedings before Deputy Commissioner Berger and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the bases of the Orders. The Full Commission hereby affirms in part and vacates in part said Orders on grounds of lack of subject matter jurisdiction.
 ***********
The Full Commission enters the following findings of fact:
 FINDINGS OF FACT
1. Appellant is counsel for plaintiff in the underlying matter. Appellee is plaintiff's former counsel.
2. On 3 December 1996, the Industrial Commission received a Motion to Withdraw and for Approval of Attorney's Fees from appellee. By Order dated 16 January 1997, appellee's withdrawal as counsel of record was allowed, and appellant was appointed counsel for plaintiff.
3. On 30 January 1997, Deputy Commissioner Berger approved a compromise settlement agreement between plaintiff and defendants in the underlying matter. In a separate Order, Deputy Commissioner Berger approved an attorney's fee in the amount of $30,000.00 for plaintiff's counsel (appellant herein), and provided that said fee "shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel." Deputy Commissioner Berger further ordered that the fees be held by appellant in trust, pending a determination of plaintiff's former counsel's (appellee herein) claim to a portion of the fees. Once that determination was made, Deputy Berger ordered that the amount due appellee be deducted from the total fee award and paid directly to appellee.
4. On 5 May 1997, appellee filed a Motion and Affidavit for Attorney's Fees, seeking 85% of the fee award. In response, appellant filed a Motion to Dismiss Claim for Attorney's Fees on grounds that the Commission lacked subject matter jurisdiction to enter an award as contained in the 30 January 1997 Order.
5. On 22 May 1997, Deputy Berger filed an Order rescinding the 30 January 1997 Order, and ordered that the $30,000.00 fee be held in trust by appellant "until the parties resolve their dispute in a court that has jurisdiction to settle such a dispute."
6. On 27 May 1997, appellant moved for reconsideration of the 22 May Order. Said motion was denied by Order of Deputy Berger dated 3 June 1997.
7. Appellee has not demonstrated any discernable harm resulting from the award of fees to appellant. Upon successful litigation regarding appellee's right to a portion of the fees in a court of proper jurisdiction, full recovery may be had. To the contrary, appellant is currently being deprived of the use of fees rightfully approved by the Commission by settlement agreement entered into by all the parties to the above-captioned action.
8. The issue currently before the Full Commission is whether the Commission has subject matter jurisdiction over the disbursement of disputed attorney's fees sufficient to permit the issuance of an order directing said fees to be held in trust pending the outcome of the dispute.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The Industrial Commission has power to approve reasonable attorney's fees at the time of rendering a decision. N.C. Gen. Stat. § 97-90. The Commission does not have jurisdiction to cover disputes between plaintiff's attorneys over the ultimate division of those fees. Eller v. J S Truck Services, Inc.,100 N.C. App. 545, 397 S.E.2d 242 (1990), disc. review denied,328 N.C. 271, 400 S.E.2d 451 (1991).
2. Pursuant to the settlement agreement in this case, plaintiff agreed to pay his counsel the sum of $30,000.00. Once the Commission ruled that the fee was reasonable and ordered said fee to be paid, we were without jurisdiction to further designate the disposition of the funds. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The Full Commission hereby vacates those portions of the Orders of the Deputy Commissioner holding that the fees awarded in this matter be held in a trust account pending the outcome of the dispute between plaintiff's counsels.
2. The fees approved by the Commission in this case are immediately released to plaintiff's counsel.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ CHRISTOPHER SCOTT COMMISSIONER
S/ ______________________ KIM L. CRAMER DEPUTY COMMISSIONER