DANNY SPIVEY v. OAKLEY'S GENERAL CONTRACTORS, AND NATIONWIDE MUTUAL INSURANCE COMPANY

No. 769IC656

(Filed 2 March 1977)

Master and Servant § 83— workmen's compensation — settlement by employer — validity of cancellation of compensation policy — jurisdiction of Industrial Commission

  Even though the employer had settled with the employee, the Industrial Commission had jurisdiction to determine whether the employer's workmen's compensation policy had been effectively cancelled before the date of the employee's injury or whether the employee's injury was still covered by the policy.

APPEAL by Nationwide Mutual Insurance Company from the North Carolina Industrial Commission. Order filed 14 May 1976. Heard in the Court of Appeals 18 January 1977.

The facts relevant to this appeal are not in dispute.

On 7 February 1974, the employee was injured in a work related accident. The carrier, Nationwide, accepted liability and paid temporary total disability benefits in the amount of $54.96. Thereafter, the carrier disclaimed liability on the risk on the grounds that its policy with the employer had been cancelled for nonpayment of premium before the accident. The employer and employee then settled the claim as between themselves and the appropriate report was filed with the Commission. Nationwide did not participate in that settlement and its liability has not been determined.

A hearing was scheduled before a deputy commissioner who concluded that the Commission did not have jurisdiction to determine the validity of the cancellation of the policy. An order was entered dismissing the proceeding. The parties stipulated, however, that subsequently all of the evidence necessary for a final determination on the merits was received by the Commission. That evidence was not brought forward and is of no concern on this appeal.

The order dismissing the proceeding for lack of jurisdiction was affirmed by the Commission and the carrier appealed.

*Ramsey, Hubbard & Galloway, by Mark Galloway, for defendant appellee, Oakley's General Contractors.*

*Young, Moore, Henderson & Alvis, by Charles H. Young, Jr., and B. T. Henderson II, for defendant appellant, Nationwide Mutual Insurance Company.*

VAUGHN, Judge.

The sole question is whether, after the employer has settled with the employee, the North Carolina Industrial Commission has jurisdiction to determine whether a policy of compensation insurance has been properly cancelled.

All questions arising under Article 1 of the North Carolina Workmen's Compensation Act shall, except as otherwise provided by the act, be determined by the Commission. G.S. 97-91.

A section of that article, G.S. 97-99, regulates the cancellation of policies issued under the article.

There can be little doubt that, prior to the time the employer settled with the employee, the Commission had jurisdiction to determine the validity of the cancellation.

> "The general rule appears to be that, when it is ancillary to the determination of the employee's right, the compensation commission has authority to pass upon a question relating to the insurance policy, including fraud in procurement, mistake of the parties, reformation of the policy, cancellation, existence or validity of an insurance contract, coverage of the policy at the time of injury, and construction of extent of coverage. This, of course, in harmony with the conception of compensation insurance as being something more than an independent contractual matter between insurer and insured.

> On the other hand, when the rights of the employee in a pending claim are not at stake, many commissions disavow jurisdiction and send the parties to the courts for relief. This may occur when the question is purely one between. two insurers, one of whom alleges that he has been made to pay an undue share of an award to a claimant, the award itself not being under attack. Or it may occur when the insured and insurer have some dispute entirely between themselves about the validity or coverage of the policy or the sharing of the admitted liability. Similarly, when an action for reformation of an insurance policy was brought, but it was not alleged that any claim was pending on that policy before the compensation board, the court exercised its normal power to reform instruments, but indicated that it would not have done so if the pendency of such a claim had been pleaded." Larson, Workmen's Compensation Law, Volume 4, § 92.40.

The Supreme Court of North Carolina has held that the Commission's jurisdiction under the statute "ordinarily includes the right and duty to hear and determine questions of fact and law respecting the existence of insurance coverage and liability of the insurance carrier." *Greene v. Spivey,* 236 N.C. 435, 73 S.E. 2d 448, at p. 445. In *Greene,* the rights of the deceased employee's survivors were not contested. The dispute was between the employer and the carrier.

Jurisdiction of the Commission is not limited solely to questions arising out of an employer-employee relationship or to the determination of rights asserted by or on behalf of an injured employee. *Wake County Hospital v. Industrial Comm.,* 8 N.C. App. 259, 174 S.E. 2d 292, *cert. den.,* 277 N.C. 117. In *Moore v. Electric Co.,* 264 N.C. 667, 142 S.E. 2d 659, neither the employer nor the two alleged carriers challenged the claimant's right to compensation. The dispute was between the employer and the alleged carriers. Each defendant concluded that one or both of the remaining defendants were liable. The Court affirmed the liability of one carrier on the basis of a temporary binder issued by that company. It remanded the case to the Commission for determination by the Commission of whether the other company had properly cancelled its insurance contract.

The employer relies on *Clark v. Ice Cream Co.,* 261 N.C. 234, 134 S.E. 2d 354. In that case the policy stated an effective date of 9 May 1960. The employee's injury occurred on 3 May 1960. The employer contended that the carrier had agreed to issue a policy effective 20 April 1960. The Court held that the carrier could not be liable on the policy until "the policy is reformed on the ground of mutual mistake (or otherwise) so as to provide for a policy period inclusive of May 3, 1960." *Clark v. Ice Cream Co., supra,* p. 238. The Court discussed the strictness of pleadings then required for the "equitable" remedy of reformation. It concluded that the Commission did have jurisdiction to exercise the "equitable power" to reform a compensation insurance policy.

In the case at bar, no party seeks to reform or change the express term of a contract. The question is whether the insurance policy, as written, was on the risk at the time of the injury. That question should have been resolved by the Commission in the proceeding then pending before that body.

The order dismissing the proceeding for lack of jurisdiction is reversed and the cause is remanded.

Reversed and remanded.

Judges HEDRICK and CLARK concur.