DOROTHY JOHNSON AND PAULA SMITH, PLAINTIFF-APPELLANTS V. FIRST UNION COR-
PORATION AND/OR FIRST UNION MORTGAGE CORPORATION; KAY L. BAILEY;
CIGNA PROPERTY & CASUALTY INSURANCE 'COMPANY AND/OR ESIS, INC.;
ROBIN DEFFENBAUGH; INTERNATIONAL REHABILITATION ASSOCIATES,
INC. (INTRACORP); AND PAT EDWARDS, R.N., DEFENDANT-APPELLEES

No. COA97-211

(Filed 6 October 1998)

**Workers' Compensation— collateral attack—claims including
fraud**

The trial court did not err by dismissing pursuant to N.C.G.S.
§ 1A-1, Rule 12(b)(6) a civil action including allegations of fraud
and bad faith refusal to pay a claim which arose from a workers'
compensation claim involving an inaccurate videotape and an
altered Industrial Commission form. The Workers' Compensation
Act is a comprehensive regulatory scheme and collateral attacks
are inappropriate.

Appeal by plaintiffs from order entered 18 September 1996
by Judge Henry V. Barnette, Jr. in Wake County Superior Court.
Heard originally in the Court of Appeals 9 October 1997, *Johnson v.
First Union Corp.*, 128 N.C. App. 450, 496 S.E.2d 1 (1998). Heard in
the Court of Appeals 27 August 1998, pursuant to a petition for
rehearing.

*Charles R. Hassell, Jr., for plaintiff-appellants.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P.,
by Robin K. Vinson, for defendant-appellees First Union
Corporation, First Union Mortgage Corporation and Kay L.
Bailey.*

*Yates, McLamb, & Weyher, L.L.P., by Derek M. Crump and
Travis K. Morton, and Poyner & Spruill, L.L.P., by Beth R.
Fleishman and Robin Tatum Morris, for defendant-appellees
CIGNA Property & Casualty Insurance Company and/or Esis,
Inc., and Robin Deffenbaugh.*

*Maupin, Taylor & Ellis, P.A., by Elizabeth D. Scott and Joanne
J. Lambert, for defendant-appellees and petitioners
International Rehabilitation Associates, Inc., (Intracorp) and
Pat Edwards, R.N.*

## JOHNSON v. FIRST UNION CORP.

[131 N.C. App. 142 (1998)]

McGEE, Judge.

This case arises from an action stemming from alleged on-the-job injuries suffered by plaintiffs. In 1992 and 1993, plaintiffs separately filed claims with the North Carolina Industrial Commission seeking workers' compensation benefits for repetitive motion disorders they allegedly suffered in the course of their employment as customer service representatives for First Union Corporation and/or First Union Mortgage Corporation. Both plaintiffs initially were diagnosed with job-related repetitive motion disorders, and both subsequently had their claims rejected, apparently based at least in part on a videotape prepared by defendants to illustrate the nature of plaintiffs' jobs. Plaintiffs contend that the videotape did not accurately portray the physical requirements of their jobs, and they assert that defendants made the videotape with the intention of deceiving plaintiffs' physician. Plaintiffs further contend that, based on the allegedly inaccurate videotape, their physician withdrew diagnoses that plaintiffs' disorders were job-related.

Plaintiff Smith also alleges that defendants made material alterations in a workers' compensation Form 21 that she had previously signed. Plaintiff Smith asserts that defendants deliberately concealed the alteration from her and her attorney. Plaintiff Smith says the Industrial Commission subsequently notified her that defendants had submitted her Form 21 with "material alterations" that suggested fraud. The Industrial Commission allegedly also told plaintiff Smith that the Form 21 agreement might be voided or set aside and that she might be entitled to full restoration of compensation.

Plaintiffs filed suit in Superior Court, alleging fraud, bad faith refusal to pay or settle a valid claim, unfair and deceptive trade practices, intentional infliction of emotional distress and civil conspiracy. The trial court dismissed the complaint pursuant to N.C.R. Civ. P. 12(b)(6), saying the complaint failed to state a claim for which relief could be granted. Plaintiffs appeal, arguing that the trial court's order is contrary to the law of this jurisdiction as to the torts of fraud, bad faith, intentional infliction of emotional distress and other claims. Defendants cross-appeal, saying that the trial court was correct in dismissing the appeal, but asserting that the dismissal should have been based on lack of subject matter jurisdiction pursuant to N.C.R. Civ. P. 12(b)(1). Defendants contend that The North Carolina Workers' Compensation Act (N.C. Gen. Stat. § 97-1 through 97-200) gives the North Carolina Industrial Commission exclusive jurisdiction over workers' compensation claims and all

related matters, including issues such as those raised in the case at bar. We agree.

Through the Workers' Compensation Act, North Carolina has set up a comprehensive system to provide for employees who suffer work-related illness or injury. "The purpose of the Act, however, is not only to provide a swift and certain remedy to an injured workman, but also to insure a limited and determinate liability for employers." *Barnhardt v. Cab Co.*, 266 N.C. 419, 427, 146 S.E.2d 479, 484 (1966), *overruled on other grounds, Derebery v. Pitt County Fire Marshall*, 318 N.C. 192, 347 S.E.2d 814 (1986).

> The purpose of the act is to provide compensation for an employee in this State who has suffered an injury by accident which arose out of and in the course of his employment, the compensation to be paid by the employer, in accordance with the provisions of the act, without regard to whether the accident and resulting injury was caused by the negligence of the employer, as theretofore defined by the law of this State. The right of the employee to compensation, and the liability of the employer therefor, are founded upon mutual concessions, as provided in the act, *by which each surrenders rights and waives remedies which he theretofore had under the law of this State.* The act establishes a sound public policy, and is just to both employer and employee. As administered by the North Carolina Industrial Commission, in accordance with its provisions, the act has proven satisfactory to the public and to both employers and employees in this State with respect to matters covered by its provisions.

*Lee v. American Enka Corp.*, 212 N.C. 455, 461-62, 193 S.E. 809, 812 (1937) (citations omitted) (emphasis added); *see also* N.C.G.S. § 97-10.1 (1991).

Other case law has shown that the Industrial Commission is authorized to deal with matters such as fraud:

> If plaintiff desires to attack [an] agreement for fraud, misrepresentation, undue influence, or mutual mistake, and has evidence to support such attack, he may make application in due time for a further hearing for that purpose. In such event, the Industrial Commission shall hear the evidence offered by the parties, find the facts with respect thereto, and upon such findings determine whether the agreement was erroneously executed due to fraud,

misrepresentation, undue influence or mutual mistake. If such error is found, the Commission may set aside the agreement, G.S. 97-17, and determine whether a further award is justified and, if so, the amount thereof.

*Pruitt v. Publishing Co.*, 289 N.C. 254, 260, 221 S.E.2d 355, 359 (1976).

In a recent case, our Supreme Court cited the "comprehensive regulatory scheme" set out for insurance-related matters in Chapter 58 of the North Carolina General Statutes. *N.C. Steel, Inc. v. National Council on Compensation Ins.*, 347 N.C. 627, 632, 496 S.E.2d 369, 372 (1998). In *N.C. Steel,* the Court rejected a civil action challenging an increase in workers' compensation insurance premiums, saying, "We do not believe that, with this comprehensive regulatory scheme, the General Assembly intended that the rates could be collaterally attacked." *Id.* Likewise, the Workers' Compensation Act is a comprehensive regulatory scheme, and collateral attacks are inappropriate.

Plaintiffs in this case assert that their injuries are work-related. The Workers' Compensation Act gives jurisdiction for such cases to the North Carolina Industrial Commission. Plaintiffs must pursue their remedies through the Commission.

We affirm the trial court's dismissal of plaintiffs' complaint.

Affirmed.

Judges MARTIN, John C. and SMITH concur.