Janet Ann **RIDENHOUR**, Plaintiff,

v.

**CONCORD SCREEN PRINTERS, INC.;** and Leroy Coffey, Individually and in his capacity as owner of Concord Screen Printers, Inc., Defendants.

No. Civ. 1:98CV00009.

United States District Court, M.D. North Carolina.

Jan. 28, 1999.

Robert W. Odom, Kirk London Bowling, Odom & Bowling, L.L.P., Albemarle, NC, for Janet Ann Ridenhour, plaintiff.

Philip Marshall Van Hoy, Van Hoy, Reutlinger & Taylor, Charlotte, NC, Richard M. Koch, Charlotte, NC, for Concord Screen Printers, Inc., defendants.

*MEMORANDUM OPINION*

BULLOCK, Chief Judge.

This matter is before the court on a motion for partial summary judgment brought by Defendants Concord Screen Printers, Inc. (CSP) and Leroy Coffey (Coffey). This action arises out of Plaintiff Janet Ann Ridenhour's claim that she was sexually harassed by Coffey while she was employed at CSP. Ridenhour asserts

claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq* ., as well as supplemental claims under state law. For the following reasons Defendant's motion will be granted in part and denied in part.

## FACTS

The following facts are established in the pleadings, affidavits, deposition testimony, and exhibits offered by the parties. Where there are disputes, each party's position is given.

Defendant Coffey is the owner and president of Defendant CSP, a screen printing business located in Concord, North Carolina. CSP prints on such items as t-shirts, jackets, and other garments. Plaintiff is a twenty-seven-year-old female who began working at CSP on or about October 9, 1995. Coffey had attended the same church as Plaintiff's family since 1967, had known Plaintiff since her birth, and had worked with Plaintiff's father for some period of time.

During Plaintiff's employment with CSP, Coffey began to make sexually suggestive and offensive remarks to Plaintiff and to others in her presence.[1] In addition, Plaintiff contends that Coffey touched her in an inappropriate sexual manner on several occasions.[2] Plaintiff asserts that this harassment forced her to resign and to find other employment on or about February 13, 1997. Plaintiff filed a complaint with the EEOC on June 30, 1997, and, after receiving a right-to-sue letter from the EEOC, timely filed this action.

## DISCUSSION

Summary judgment must be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The moving party bears the burden of persuasion on the relevant issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-moving party may survive a motion for summary judgment by producing "evidence from which a jury might return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When the motion is supported by affidavits, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). In considering the evidence, all reasonable inferences are to be drawn in favor of the non-moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

Initially, Plaintiff concedes that an individual cannot be held liable under Title VII and that Defendant Coffey is therefore entitled to summary judgment with respect to Plaintiff's First, Second, and Third Claims for Relief. *See Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177 (4th Cir.1998). In addition, Defendants concede that they are not entitled to summary judgment with respect to Plaintiff's Fourth Claim for Relief for civil battery. Accordingly, the court will grant summary judgment in favor of Defendant Coffey as to Plaintiff's First, Second, and Third Claims for Relief and will deny summary judgment as to Plaintiff's Fourth Claim for Relief.

As for Plaintiff's emotional distress claims, Defendants contend that these claims are barred by the exclusivity provi-

---

1. Examples of the alleged statements include: "I'm going to take you [plaintiff] out to the woodshed." (Pl.'s Br.Ex. 1, p. 1); "Come here and bend over." (*Id.* at p. 6); asking whether, if he [Coffey] could make a t-shirt in braille, could he read it. (Coffey Dep. at p. 94).

2. Examples include: several occasions on which Coffey would brush up against the back of Plaintiff (Pl.'s Aff. ¶ 3); pulling Plaintiff to his chest and then placing his hand on her buttocks (Pl.'s Br.Ex. 1, pp. 8–9); after stating "I have been waiting so long to see you, get you in the darkroom and touch that hair," pulling Plaintiff into the darkroom, putting his hand over her mouth, and rubbing her head. (*Id.* at pp. 11–12).

sion of the Workers' Compensation Act (the Act), North Carolina General Statute § 97–10.1. Defendants further contend that Plaintiff has failed to raise a factual issue as to whether Coffey's conduct was extreme and outrageous and as to whether Plaintiff suffered from severe emotional distress. The court disagrees. Dealing first with Plaintiff's claim for intentional infliction of emotional distress, the North Carolina Court of Appeals, in a case involving allegations of sexual harassment, determined that such a claim is not barred by the Act. *See Hogan v. Forsyth Country Club Co.*, 79 N.C.App. 483, 490, 340 S.E.2d 116, 121 (1986). The court in *Hogan* based its conclusion on the fact that the nature of the injury suffered by a plaintiff in these circumstances fell outside the range of injuries covered under the Act. *Id.*

■ Although *Hogan* did not involve a claim for negligent infliction of emotional distress, the court's rationale is equally applicable to such a claim, at least when the claim is based on sexual harassment. This is so because *Hogan* based its conclusion on the nature of the injury suffered by a plaintiff, not on whether that injury resulted from intentional or negligent conduct. Moreover, the *Hogan* court did address whether a claim for negligent retention of an employee was barred in a sexual harassment context and concluded that it was not, stating:

> Although the Act eliminated negligence as a basis of recovery against an employer, the Act covers only those injuries which arise out of and in the course of employment. An injury arises out of the employment 'when it is a natural and probable consequence or incident of the employment and a natural result of one of its risks, so there is some causal relation between the injury and the performance of some service of the employment.'
>
> The emotional injury suffered [by the plaintiff], resulting from the chef's sexual harassment, is not, in our view, a 'natural and probable consequence or

incident of employment.' Sexual harassment is not a risk to which an employee is exposed because of the nature of the employment but is a risk to which the employee could be equally exposed outside the employment. Therefore, [the plaintiff's] claim is neither covered nor barred by the Act.

79 N.C.App. at 496, 340 S.E.2d 116 (citations omitted). This reasoning has equal force with respect to a negligent infliction of emotional distress claim based on sexual harassment. The court therefore concludes that such a claim is not barred by the exclusivity provision of the Act.

■ The court also finds that Plaintiff has raised a factual question both as to whether Coffey's conduct was extreme and outrageous and as to whether she suffered from severe emotional distress. Accordingly, the court will deny summary judgment as to Plaintiff's Fifth and Sixth Claims for Relief.

■ Finally, the court finds Defendants are entitled to summary judgment with respect to Plaintiff's sexual harassment claims under the North Carolina Equal Employment Practices Act (NCEEPA), North Carolina General Statute § 143.422.2, because that statute does not provide an employee with a cause of action. *See Mullis v. Mechanics & Farmers Bank*, 994 F.Supp. 680 (M.D.N.C.1997) (finding that NCEEPA declares North Carolina's public policy, but does not provide for a private cause of action). Instead, North Carolina courts have applied the NCEEPA only to common law wrongful discharge claims or in connection with other specific statutory remedies. *Id.* Accordingly, the court will grant Defendants' motion for partial summary judgment as to Plaintiff's Seventh and Eighth Claims for Relief.

## CONCLUSION

For the foregoing reasons the court will:

(1) grant summary judgment in favor of Defendant Coffey with respect to Plain-

tiff's First, Second, and Third Claims for Relief;

(2) deny summary judgment with respect to Plaintiff's Fourth, Fifth, and Sixth Claims for Relief; and

(3) grant summary judgment in favor of both Defendants with respect to Plaintiff's Seventh and Eighth Claims for Relief.

Thus, remaining for trial will be: Plaintiff's Title VII claim against the corporate Defendant, to which no dispositive motion was made; Plaintiff's claim for civil battery against both Defendants; and Plaintiff's negligent and intentional infliction of emotional distress claims against both Defendants.

An order and judgment in accordance with this memorandum opinion shall be entered contemporaneously herewith.