**DEEM v. TREADAWAY & SONS PAINTING AND WALLCOVERING, INC.**

[142 N.C. App. 472 (2001)]

right to have a jury determine her status as an habitual felon"); N.C.G.S. § 15A-1022(a) (trial court may not accept guilty plea without first addressing defendant personally and making inquiries of defendant as required by this statute). Accordingly, Defendant's habitual felon conviction is reversed and remanded.[4]

Case No. 99 CRS 2727: Reversed.

Case No. 98 CRS 10830 (status as habitual felon): Reversed and remanded.

Case No. 98 CRS 10830 (breaking or entering; felonious larceny; felonious possession of stolen property): No error.

Judges McCULLOUGH and HUDSON concur.

———————————————

ROBERT DEEM, Plaintiff v. TREADAWAY & SONS PAINTING & WALLCOVERING, INC., MICHAEL TREADAWAY, Individually and d/b/a TREADAWAY & SONS PAINTING, MONTGOMERY MUTUAL INSURANCE COMPANY, R.E. PRATT & CO., JAMES C. GOAD, CONCENTRA MANAGED CARE SERVICES, INC., f/k/a COMPREHENSIVE REHABILITATION ASSOCIATES, INC., HELEN SMITH, BECKY WERTS, and JEAN SELTZER, Defendants

No. COA00-233

(Filed 20 March 2001)

**1. Workers' Compensation— jurisdiction of Industrial Commission—fraud in handling claim**

The trial court did not err by granting dismissals under N.C.G.S. § 1A-1, Rules 12(b)(1) and 12(b)(6) of actions alleging fraud, bad faith, unfair and deceptive practices, intentional inflic-

———————————————

tion of emotional distress, and civil conspiracy arising from the handling of plaintiff's workers' compensation claim. The opinion (after a rehearing) in *Johnson v. First Union Corp.*, 131 N.C. App. 142, governs; the North Carolina Workers' Compensation Act gives the Industrial Commission exclusive jurisdiction over workers' compensation claims and all related matters, including issues such as those raised in the case at bar.

**2. Workers' Compensation— *Woodson* claim—no evidence of substantially certain harm**

Plaintiff's claims for fraud, bad faith, unfair and deceptive practices, intentional infliction of emotional distress, and civil conspiracy arising from the handling of his workers' compensation claim did not rise to the level of a *Woodson* claim because there was no evidence to support a finding that defendants' actions were substantially certain to cause serious injury or death to plaintiff. Plaintiff's sole remedy was to petition the Industrial Commission to set aside his agreement with the employer.

Appeal by plaintiff from orders entered 29 November 1999 and 30 November 1999 by Judge Claude S. Sitton in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 January 2001.

*Donaldson & Black, P.A., by Rachel Scott Decker, for plaintiff-appellant.*

*Stiles Byrum & Horne, L.L.P., by Ned A. Stiles and Stacy C. Willard, for defendant-appellees Treadaway & Sons Painting & Wallcovering, Inc., Michael Treadaway, Individually and d/b/a Treadaway & Sons Painting, and Montgomery Mutual Insurance Company.*

*Lovejoy & Bolster, P.A., by Jeffrey S. Bolster, for defendant-appellees R.E. Pratt & Co. and James C. Goad.*

*Golding Holden Cosper Pope & Baker, L.L.P., by Tricia Morvan Derr and C. Byron Holden, for defendant-appellees Concentra Managed Care Services, Inc., f/k/a Comprehensive Rehabilitation Associates, Inc., Helen Smith, Becky Werts and Jean Seltzer.*

HUNTER, Judge.

Robert Deem ("plaintiff") appeals the trial court's grant of defendant-appellees Treadaway & Sons Wallcovering, Inc., Michael

Treadaway, individually and d/b/a Treadaway & Sons Painting, Montgomery Mutual Insurance Company, R.E. Pratt & Co., James C. Goad, Concentra Managed Care f/k/a Comprehensive Rehabilitation Associates, Inc., Helen Smith, Becky Werts and Jean Seltzer's motions to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(1) and 12(b)(6). We agree with the trial court that the North Carolina Industrial Commission ("Industrial Commission") has exclusive jurisdiction over plaintiff's claims. Thus, we affirm.

The facts pertinent to this case are as follows: On 26 July 1993, plaintiff was an employee of defendant Treadaway & Sons Painting ("Treadaway Painting") when he fell off a ladder and suffered a compensable injury. With the assistance of an attorney, plaintiff filed a workers' compensation claim with the Industrial Commission against his employer, Treadaway Painting and its workers' compensation carrier, defendant Montgomery Mutual Insurance Company ("Montgomery Mutual"). Montgomery Mutual hired an independent adjusting company, defendant R.E. Pratt & Co. ("Pratt"), to handle plaintiff's workers' compensation claim. Defendant Goad was Pratt's adjuster assigned to plaintiff's claim.

Plaintiff returned to work in November 1994 as a paint foreman. Later, his condition worsened and he was taken out of work on 3 January 1996. About the same time, Montgomery Mutual and Pratt hired defendant Concentra Managed Care ("Concentra") "to provide vocational rehabilitation counseling for the Plaintiff." Defendants Smith, Wertz and Seltzer were employees of Concentra. On 20 February 1996, plaintiff was released to work by his attending physician, however the release was based upon a number of restrictions. When Concentra notified Treadaway Painting that plaintiff could return to work with restrictions, Concentra was informed that plaintiff's job was no longer vacant. However, Treadaway Painting offered the job of laborer to plaintiff, which plaintiff accepted.

On 11 July 1997 plaintiff, through counsel, entered into an "Agreement of Final Settlement and Release" with Treadaway Painting, Montgomery Mutual and Pratt.

> Pursuant to this agreement, the plaintiff and his attorney Seth N. Bernanke agreed to release and discharge all claims available under the North Carolina Worker's Compensation Act relating to this injury in exchange for payment of $100,000. On July 23, 1997 the Industrial Commission entered an order approving the compromise settlement agreement reached by the plaintiff and

Treadaway, Montgomery Mutual and R.E. Pratt & Co. in the amount of $100,000. . . .

Notwithstanding the former release and settlement agreement, on 31 December 1998, plaintiff filed this suit against Treadaway Painting, Montgomery Mutual, Pratt, Goad, Concentra and Concentra's three employees, alleging that defendants committed fraud, bad faith, unfair and deceptive trade practices, intentional infliction of emotional distress and civil conspiracy *arising out of the handling of his workers' compensation claim.*

In response to plaintiff's complaint, each defendant filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1), specifically stating that North Carolina's general courts of justice are without subject matter jurisdiction due to the Industrial Commission having exclusive jurisdiction, and; pursuant to Rule 12(b)(6), specifically stating that the plaintiff had failed to state a claim for which relief may be granted. The trial court agreed with defendants and granted each of their motions to dismiss based upon both Rules 12(b)(1) and (6). On appeal, plaintiff brings forward three assignments of error, all dealing with the trial court's grant of each defendant's motion to dismiss. Finding the record before us clear and case law plain, we affirm the trial court's rulings.

**[1]** In his brief to this Court, plaintiff admits that the issues in his complaint are addressed by this Court's ruling in *Johnson v. First Union Corp.*, 128 N.C. App. 450, 496 S.E.2d 1, *reversed*, 131 N.C. App. 142, 504 S.E.2d 808 (1998). Yet, it is plaintiff's contention that "the original decision of the [C]ourt of [A]ppeals is the law of North Carolina," and not the last and standing decision. Thus, plaintiff attempts to apply the first decision of the Court, and ignore the standing precedent—with no attempt to distinguish his case from the law which governs. However the Court's latter opinion, which it rendered after granting a petition for rehearing, overturned the former *Johnson* opinion. We are bound by the precedent set by that latter opinion. Thus, we find no merit in plaintiff's argument and agree with defendants that *Johnson*, 131 N.C. App. 142, 504 S.E.2d 808, does control.

In that case, plaintiffs Johnson and Smith each "filed claims with the North Carolina Industrial Commission seeking workers' compensation benefits for repetitive motion disorders they allegedly suffered in the course of their employment . . . . [However,] . . . both subsequently had their claims rejected . . . ." *Johnson*, 131 N.C. App. at 143,

504 S.E.2d at 809. Like the plaintiff in the case *sub judice*, plaintiffs Johnson and Smith later filed suit in superior court against their employer, its workers' compensation carrier, the adjusting company and the rehabilitation provider along with one of its employees, alleging: fraud, bad faith, refusal to pay or settle a valid claim, unfair and deceptive trade practices, intentional infliction of emotional distress and civil conspiracy. *Id.* Although the trial court dismissed plaintiffs' case stating that plaintiffs had failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), on appeal defendants argued—and this Court agreed—that the claims should have been dismissed pursuant to Rule 12(b)(1) because the Industrial Commission had exclusive jurisdiction. *Id.*

In enacting the North Carolina Workers' Compensation Act ("the Act"), our General Assembly set clear boundaries for how an employee injured on the job must seek remedy. Additionally, although the Legislature has amended parts of the Act over time, the main thrust of the Act and its purpose have remained the same:

> ". . . to provide compensation for an employee in this State who has suffered an injury by accident which arose out of and in the course of his employment, the compensation to be paid by the employer, in accordance with the provisions of the act, without regard to whether the accident and resulting injury was caused by the negligence of the employer, as theretofore defined by the law of this State. . . ."

*Johnson*, 131 N.C. App. at 144, 504 S.E.2d at 810 (quoting *Lee v. American Enka Corp.*, 212 N.C. 455, 461-62, 193 S.E. 809, 812 (1937)). We note here that, North Carolina is a contributory negligence state. Thus, to gain any remedy before the Act was enacted, an employee injured on the job would be subject to proving not only that the employer was negligent but that she herself was not negligent at all. *See Woodson v. Rowland*, 329 N.C. 330, 338, 407 S.E.2d 222, 227 (1991); *Blue v. Canela*, 139 N.C. App. 191, 532 S.E.2d 830 (2000). Instead, under the Act:

> ". . . The right of the employee to compensation, and the liability of the employer therefor[e], are founded upon mutual concessions, as provided in the [A]ct, *by which each surrenders rights and waives remedies which he theretofore had under the law of this State. . . .*"

*Johnson*, 131 N.C. App. at 144, 504 S.E.2d at 810 (emphasis in original) (quoting *American Enka Corp.*, 212 N.C. at 462, 193 S.E. at 812).

Thus, although there is a trade-off of rights, our Supreme Court has held that "[t]he act establishes a sound public policy, and is just to both employer and employee." *American Enka Corp.*, 212 N.C. at 462, 193 S.E. at 812. *See also Woodson*, 329 N.C. App. at 338, 407 S.E.2d at 227.

Nevertheless, plaintiff at bar argues that it matters not that his claims originally arose out of his compensable injury. Instead, he argues that the "intentional conduct" of defendants fails to come under the exclusivity provisions of the Act because that conduct did not arise out of and in the course of plaintiff's employment relationship. Again, finding *Johnson* on point, we disagree.

From both his complaint and his brief to this Court, we can clearly glean that *plaintiff's cause of action arises out of* his belief that "defendants engaged in fraudulent, illegal, and improper conduct designed at forcing plaintiff back into the job market at a made up job so that the defendants could artificially cut off *plaintiff's right to benefits under the Workers' Compensation Act.*" (Emphasis added.) Therefore, plaintiff's complaint is nothing more than an allegation that defendants did not appropriately handle his workers' compensation claim, and thus he was injured because he did not receive his entitled benefit. This is the exact argument of the *Johnson* plaintiffs and, in that case, this Court held that "[t]he North Carolina Workers' Compensation Act (N.C. Gen. Stat. § 97-1 through 97-200) gives the North Carolina Industrial Commission exclusive jurisdiction over workers' compensation claims *and all related matters, including issues such as those raised in the case at bar.*" *Johnson*, 131 N.C. App. at 143-44, 504 S.E.2d at 809 (emphasis added). Noting that the *Johnson* plaintiffs also alleged the defendant committed intentional torts against them (including unfair and deceptive trade practices), we hold in the case at bar that plaintiff's claims are ancillary to his original compensable injury and thus, are absolutely covered under the Act and this collateral attack is improper. *Id.* at 144-45, 504 S.E.2d at 809. *See also Spivey v. General Contractors*, 32 N.C. App. 488, 232 S.E.2d 454 (1977).

[2] However, plaintiff further argues that his current claims should be allowed in the general court of justice because they are claims of "intentional conduct." Thus, plaintiff contends that as such, the "actions fall within the North Carolina Supreme Court's exception of intentional conduct from the exclusivity rule" as set out in *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222. Again, we disagree.

DEEM v. TREADAWAY & SONS PAINTING AND WALLCOVERING, INC.

[142 N.C. App. 472 (2001)]

It is well established that the "substantially certain" standard set out in *Woodson* creates an exception to the exclusivity provision of the Act. *Id.* at 337, 407 S.E.2d at 228. However, it is also well established that the exception is extremely narrow in that plaintiff's "forecast of evidence" must show the "employer intentionally engage[d] in [the] misconduct [complained of] knowing it [wa]s substantially certain to cause serious injury or death to [the] employee[] and [the] employee [wa]s injured or killed by that misconduct . . . ." *Id.* at 340, 407 S.E.2d at 228. Since plaintiff does not contend, neither is there evidence of record to support a finding that defendants' actions *sub judice* were "*substantially certain to cause serious injury or death*" to plaintiff, plaintiff's claims do not rise to the level of a *Woodson* claim. *Id.* (emphasis added). Thus, the trial court's dismissal of plaintiff's claims for lack of subject matter jurisdiction, pursuant to N.C. Gen. Stat. § (12)(b)(1), is affirmed, as the Industrial Commission has sole jurisdiction over all the issues raised. We specifically note that pursuant to N.C. Gen. Stat. § 97-17 (1999), the Industrial Commission has the exclusive jurisdiction over workers' compensation agreements and employee claims of fraud, misrepresentation, undue influence, mutual mistake, intentional infliction of emotional distress, and unfair and deceptive trade practices with respect to those agreements. Our Supreme Court has long held that:

> "If [a] plaintiff desires to attack [a workers' compensation] agreement for fraud, misrepresentation, undue influence, or mutual mistake, and has evidence to support such [an] attack, he may make application in due time for a further hearing for that purpose. In such event, the Industrial Commission shall hear the evidence offered by the parties, find the facts with respect thereto, and upon such findings determine whether the agreement was erroneously executed due to fraud, misrepresentation, undue influence or mutual mistake. If such error is found, the Commission may set aside the agreement, G.S. 97-17, and determine whether a further award is justified and, if so, the amount thereof."

*Johnson*, 131 N.C. App. at 144-45, 504 S.E.2d at 810 (quoting *Pruitt v. Publishing Co.*, 289 N.C. 254, 260, 221 S.E.2d 355, 359 (1976)). Thus, plaintiff's sole remedy in this case was to petition the Industrial Commission to set aside his agreement with Treadaway Painting. We recognize plaintiff is contending that this remedy is insufficient. However, we believe our General Assembly is the correct body to consider changes to our current workers' compensation remedies.

Having held that the trial court properly dismissed plaintiff's claims for lack of subject matter jurisdiction, we need not address the issue of whether plaintiff's claims were properly dismissed pursuant to N.C. Gen. Stat. § 1-1A, Rule 12(b)(6). The trial court's orders granting defendants' motions to dismiss are,

Affirmed.

Judges WALKER and CAMPBELL concur.