DEBRA RILEY, Plaintiff-Appellant v. LINDA DeBAER and TIM MILLER, Defendants-Appellees

No. COA00-675-2

(Filed 2 April 2002)

**Workers' Compensation— negligent infliction of emotional distress by rehabilitation specialist—ancillary claim— exclusive jurisdiction**

The Workers' Compensation Act provides the exclusive remedy for a workers' compensation recipient's negligent infliction of emotional distress claim against the vocational rehabilitation specialists to whom she had been referred. The Workers' Compensation Act gives the Industrial Commission exclusive jurisdiction over workers' compensation claims and all related matters.

Chief Judge EAGLES dissenting.

On remand based on order of Supreme Court entered on 18 December 2001, *Riley v. DeBaer*, 354 N.C. 575, 559 S.E.2d 183 (2001), allowing defendants' petition for discretionary review for the limited purposes of remanding to the Court of Appeals for reconsideration in light of *Johnson v. First Union Corp.*, 131 N.C. App. 142, 504 S.E.2d 808, *rev. allowed by* 349 N.C. 529, 526 S.E.2d 175 (1998), *rev. improvidently allowed by* 351 N.C. 339, 525 S.E.2d 171, *and reh'g denied by* 351 N.C. 648, 543 S.E.2d 870 (2000). Appeal by plaintiff from order entered 9 March 2000 by Judge Howard E. Manning, Jr. in Durham County Superior Court. Originally heard in the Court of Appeals 20 April 2001.

*Browne, Flebotte, Wilson and Horn, P.L.L.C., by Martin J. Horn, for plaintiff-appellant.*

*Newsom, Graham, Hedrick & Kennon, P.A., by William P. Daniell, for defendants-appellees.*

BRYANT, Judge.

The evidence presented at trial is summarized in this Court's prior opinion, *Riley v. DeBaer*, 144 N.C. App. 357, 547 S.E.2d 831 (2001) (*Riley I*). Although neither party has disputed whether the trial court lacked subject matter jurisdiction to hear this case, pursuant to remand from our Supreme Court, we now consider this issue. *See Hedgepeth v. N.C. Div. of Servs. for the Blind*, 142 N.C. App. 338, 341, 543 S.E.2d 169, 171 (2001) (stating that jurisdictional issues "can be raised at any time, even for the first time on appeal and even by a court *sua sponte*").

---

The issue presented is one of first impression: Whether a workers' compensation claimant's (plaintiff's) sole remedy for a claim of NIED against her vocational rehabilitation specialists lies pursuant to the Workers' Compensation Act or whether our courts have subject matter jurisdiction to adjudicate this claim. Based on the holdings in *Johnson v. First Union Corp.*, 131 N.C. App. 142, 504 S.E.2d 808 (1998) and *Deem v. Treadaway & Sons Painting and Wallcovering, Inc.*, 142 N.C. App. 472, 543 S.E.2d 209, *rev. denied by* 354 N.C. 216, 553 S.E.2d 911 (2001), we hold that the instant case must be dismissed for lack of subject matter jurisdiction.

In *Johnson*, the case arose from an allegation of on-the-job injuries suffered by plaintiffs. In 1992 and 1993, the plaintiffs filed separate claims with the Industrial Commission seeking workers'

**RILEY v. DeBAER**

[149 N.C. App. 520 (2002)]

compensation benefits for repetitive motion disorders they allegedly suffered in the course of their employment for First Union Corporation and/or First Union Mortgage Corporation. Both plaintiffs were initially diagnosed with job-related repetitive motion disorders, and both subsequently had their claims rejected. The rejection of their workers' compensation claims were apparently based in part on a videotape defendants prepared to illustrate the nature of plaintiffs' jobs.

The plaintiffs contested that the videotape did not accurately portray the requirements of their jobs. They also asserted that defendants made the videotape with the intention of deceiving the plaintiffs' physician. The plaintiffs further contended that, based on the inaccurate videotape, their physician withdrew diagnoses that plaintiffs' disorders were job-related.

Plaintiff Smith alleged that the defendants made material alterations in a workers' compensation Form 21 that she had previously signed. Smith asserted that defendants deliberately concealed the alteration from her and her attorney. Smith also said that the Industrial Commission subsequently notified her that defendants had submitted the Form 21 with material alterations. Allegedly, the Industrial Commission also told Smith that the Form 21 agreement might be voided or set aside and that she might be entitled to full restoration of compensation.

The plaintiffs filed suit against the employer and insurer alleging fraud, bad faith refusal to pay or settle a valid claim, unfair and deceptive trade practices, IIED and civil conspiracy. The trial court dismissed the complaint pursuant to N.C. R. Civ. P. 12(b)(6), stating that the complaint failed to state a claim for which relief could be granted. The plaintiffs appealed and the defendants cross-appealed stating that the trial court was correct in dismissing the appeal, but asserting that the dismissal should have been granted based on lack of subject matter jurisdiction pursuant to N.C. R. Civ. P. 12(b)(1). Defendants contended that the Workers' Compensation Act gave the Industrial Commission exclusive jurisdiction over workers' compensation claims and all related matters, including the issues raised in the case at bar. The *Johnson* Court agreed.

The *Johnson* Court stated:

Through the Workers' Compensation Act, North Carolina has set up a comprehensive system to provide for employees who suffer

work-related illness or injury. "The purpose of the Act, however, is not only to provide a swift and certain remedy to an injured workman, but also to insure a limited and determinate liability for employers."

The purpose of the act is to provide compensation for an employee in this State who has suffered an injury by accident which arose out of and in the course of his employment, the compensation to be paid by the employer, in accordance with the provisions of the act, without regard to whether the accident and resulting injury was caused by the negligence of the employer, as theretofore defined by the law of this State. The right of the employee to compensation, and the liability of the employer therefor, are founded upon mutual concessions, as provided in the act, *by which each surrenders rights and waives remedies which he theretofore had under the law of this State.* The act establishes a sound public policy, and is just to both employer and employee. As administered by the North Carolina Industrial Commission, in accordance with its provisions, the act has proven satisfactory to the public and to both employers and employees in this State with respect to matters covered by its provisions.

. . .

Plaintiffs in this case assert that their injuries are work-related. The Workers' Compensation Act gives jurisdiction for such cases to the North Carolina Industrial Commission. Plaintiffs must pursue their remedies through the Commission.

*Johnson*, 131 N.C. App. at 144-45, 504 S.E.2d at 809-10 (citations omitted). The *Johnson* Court affirmed the decision of the trial court to dismiss plaintiff's complaint.

In *Deem*, plaintiff was an employee of defendant Treadaway & Sons Painting when he fell off a ladder and suffered injury. Plaintiff filed a workers' compensation claim against Treadaway Painting and its workers' compensation carrier, Montgomery Mutual Insurance Company. Montgomery Mutual hired an independent adjusting company headed by R.E. Pratt (R.E. Pratt & Co.), to handle plaintiff's workers' compensation claim. Defendant Goad was Pratt's adjuster assigned to plaintiff's claim.

Plaintiff returned to work in November 1994 as a paint foreman but later, his condition worsened and he was taken out of work on 3

January 1996. About the same time, Montgomery Mutual and Pratt hired defendant Concentra Managed Care to provide plaintiff with vocational rehabilitation counseling. Defendants Smith, Wertz and Seltzer were employees of Concentra. On 20 February 1996, plaintiff's attending physician released plaintiff to work, however the release was conditioned upon a number of restrictions. Thereafter, Treadaway Painting notified Concentra that plaintiff's job was no longer vacant. Treadaway Painting offered the job of laborer to plaintiff, which plaintiff accepted.

On 11 July 1997, plaintiff entered into an agreement of final settlement and release with Treadaway Painting, Montgomery Mutual and Pratt. Pursuant to this agreement, the plaintiff agreed to release and discharge all claims available under the Worker's Compensation Act relating to this injury in exchange for payment of $100,000. On 23 July 1997, the Industrial Commission approved the settlement agreement. However, notwithstanding the former release and settlement agreement, on 31 December 1998, plaintiff filed suit against the employer Treadaway Painting, insurer Montgomery Mutual, the insurer's adjuster R.E. Pratt & Co. & Goad, vocational rehabilitation counseling company Concentra and Concentra's employees (defendants). Plaintiff alleged that they committed fraud, bad faith, unfair and deceptive trade practices, IIED and civil conspiracy arising out of the handling of his workers' compensation claim.

The defendants filed separate motions to dismiss pursuant to Rule 12(b)(1). The defendants stated that the courts were without subject matter jurisdiction over the claims and that pursuant to the Workers' Compensation Act the Industrial Commission had exclusive jurisdiction over these claims. Pursuant to Rule 12(b)(6), defendants also stated that the plaintiff had failed to state a claim for which relief may be granted and sought dismissal of the complaint. The trial court agreed with defendants and granted each of their motions to dismiss based upon both Rules 12(b)(1) and (6). On appeal, plaintiff brought forward three assignments of error all dealing with the trial court's grant of each defendant's motion to dismiss. The *Deem* Court affirmed the trial court's rulings stating:

> [P]laintiff at bar argues that it matters not that his claims originally arose out of his compensable injury. Instead, he argues that the "intentional conduct" of defendants fails to come under the exclusivity provisions of the Act because that conduct did not arise out of and in the course of plaintiff's employment relationship. Again, finding *Johnson* [*v. First Union Corp.*, 131 N.C. App.

142, 504 S.E.2d 808 (1998)] on point, we disagree.

From both his complaint and his brief to this Court, we can clearly glean that . . . plaintiff's complaint is nothing more than an allegation that defendants did not appropriately handle his workers' compensation claim, and thus he was injured because he did not receive his entitled benefit. This is the exact argument of the *Johnson* plaintiffs and, in that case, this Court held that "[t]he North Carolina Workers' Compensation Act (N.C. Gen. Stat. § 97-1 through 97-200) gives the North Carolina Industrial Commission exclusive jurisdiction over workers' compensation claims *and all related matters, including issues such as those raised in the case at bar.*" *Johnson*, 131 N.C. App. at 143-44, 504 S.E.2d at 809 (emphasis added). . . . [W]e hold in the case at bar that plaintiff's claims are ancillary to his original compensable injury and thus, are absolutely covered under the Act and this collateral attack is improper. *Id.* at 144-45, 504 S.E.2d at 809. *See also Spivey v. General Contractors*, 32 N.C. App. 488, 232 S.E.2d 454 (1977).

*Deem*, 142 N.C. App. at 477, 543 S.E.2d at 211-12.

In the case at bar, plaintiff alleges in her complaint that she was the recipient of workers' compensation benefits when she was referred to defendants for vocational rehabilitation. She alleges that defendants were negligent in that they: 1) ignored facts known to them that would have benefitted plaintiff in her effort to pursue vocational rehabilitation; and 2) ignored valid and relevant reports by a neurologist and psychologist and relied only upon reports by an orthopedist to base their opinions as to plaintiff's ability to work. She alleged that this failure to follow up on medical information was negligence on the part of the vocational rehabilitation counselors and company. This failure constituted a breach of duty, and this breach proximately caused injury to the plaintiff such that her workers' compensation benefits were discontinued. In addition, plaintiff alleges that defendants' negligent acts inflicted emotional distress upon her, including but not limited to medical expenses for psychological and medical treatment, pain and suffering and lost wages.

Although, our courts have not previously addressed whether a workers' compensation claimant's (plaintiff's) sole remedy for a claim of NIED against her vocational rehabilitation specialists lies pursuant to the Workers' Compensation Act or whether our courts have subject matter jurisdiction to adjudicate this claim, we find both

the *Johnson* and *Deem* case to be persuasive authority as to this issue. The plaintiff in the case at bar makes essentially the same argument as made by the claimants in *Johnson* and *Deem*—that defendants' mishandling of plaintiff's workers' compensation claim caused some type of tortious injury to the plaintiff for which the plaintiff seeks court sanctioned remedies. As stated by the *Johnson* and *Deem* Courts, " 'the North Carolina Workers' Compensation Act (N.C. Gen. Stat. § 97-1 through 97-200) gives the North Carolina Industrial Commission exclusive jurisdiction over workers' compensation claims and *all related matters, including issues such as those raised in the case at bar.*' " *Deem*, 142 N.C. App. at 477, 543 S.E.2d at 212 (citing *Johnson*, 131 N.C. App. at 143-44, 504 S.E.2d at 809). Therefore, we find that in the instant case, plaintiff's claim of NIED was ancillary to the original claim and that the Workers' Compensation Act provides the sole remedy for plaintiff's NIED claim.

We note that there have been other cases that have reviewed IIED or NIED claims stemming from an employment relationship and have found that the claims did not fall within the exclusive jurisdiction of the Industrial Commission. *See Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 340 S.E.2d 116, *rev. denied by* 317 N.C. 334, 346 S.E.2d 140 (1986) (holding that the exclusivity provisions of the Workers' Compensation Act did not bar a claim of IIED against the employer based on the allegation of sexual harassment); *Brown v. Burlington Industries, Inc.*, 93 N.C. App. 431, 378 S.E.2d 232, *rev. allowed by* 325 N.C. 270, 384 S.E.2d 513, *cert. allowed by* 325 N.C. 704, 387 S.E.2d 55 (1989), *and rev. dismissed as improvidently granted by* 326 N.C. 356, 388 S.E.2d 769 (1990) (holding that the exclusivity provisions of the Workers' Compensation Act did not bar a claim of IIED against the employer based on the allegation of sexual harassment); *Ridenhouser v. Concord Screen Printers, Inc.*, 40 F. Supp. 2d 744 (M.D.N.C. 1999) (holding that the exclusivity provisions of the Workers' Compensation Act did not bar claims of IIED and NIED against the employer based on the allegation of sexual harassment); *Atkins v. USF Dugan, Inc.*, 106 F. Supp. 2d 799 (M.D.N.C. 1999) (holding that the exclusivity provisions of the Workers' Compensation Act did not bar claims of IIED and NIED based on the allegation of age discrimination); *Buser v. Southern Food Service, Inc.*, 73 F. Supp. 2d 556 (M.D.N.C. 1999) (holding that the exclusivity provisions of the Workers' Compensation Act did not bar claims of IIED and NIED against the employer and the employer's vice president based on alleged violations of the Family Medical Leave Act);

*Thomas v. Northern Telecom, Inc.*, 157 F.Supp.2d 627 (M.D.N.C. 2000) (holding that the exclusivity provisions of the Workers' Compensation Act did not bar claims of IIED and NIED against the employer based on the allegations of racial and disability discrimination).

However, upon remand and based on *Johnson* and *Deem*, we hold that the Workers' Compensation Act provides the exclusive remedy for plaintiff's NIED claim against her vocational rehabilitation specialists. Therefore, for the reasons stated above, the order of the trial court is vacated and this case is remanded to the trial court for that court to enter an order of dismissal for lack of subject matter jurisdiction.

Vacated and remanded for entry of order of dismissal.

Judge McCULLOUGH concurs.

Chief Judge EAGLES dissents with a separate opinion.

EAGLES, Chief Judge, dissenting.

I respectfully dissent. This case returns to this Court on remand from our Supreme Court for the limited purpose of reconsideration in light of *Johnson v. First Union Corp.*, 131 N.C. App. 142, 504 S.E.2d 808 (1998) (subsequent history omitted).

Here, plaintiff, seeking damages for negligent infliction of emotional distress, filed suit against two vocational rehabilitation specialists. Plaintiff alleged that "defendants were both personally negligent and professionally negligent in their pursuit of plaintiff's vocational rehabilitation." *Riley v. Debaer*, 144 N.C. App. 357, 359, 547 S.E.2d 831, 833 (2001). Unlike the cases relied upon by the majority, *Johnson* and *Deem*, plaintiff here did not file any action against her employer or co-employee.

This case presents an issue of first impression: Whether plaintiff's sole remedy lies within the Workers' Compensation Act and whether the trial court had subject-matter jurisdiction to adjudicate plaintiff's negligence claim against a non-employer and non-coworker defendant. The Court of Appeals of Indiana addressed the same issue in *Campbell v. Eckman/Freeman & Assoc.*, 670 N.E.2d 925 (Ind. App. 1996), as did the Supreme Court of Oregon in *Nicholson v. Blachly*, 753 P.2d 955 (Or. 1988). In both of those cases, the learned courts held

that a plaintiff-employee could maintain an action in tort against a third-party vocational rehabilitation organization that had contracted with plaintiff's employer to provide assistance under each State's respective workers' compensation act. The Indiana and Oregon workers' compensation acts are substantially similar to our Act. *See* Ind. Code §§ 22-3-1 to -12 (2002); Or. Rev. Stat. §§ 656.001-.990 (2001). The rationale supporting the decisions by the Indiana Court of Appeals in *Campbell* and the Oregon Supreme Court in *Nicholson* is applicable here and should be adopted by our courts.

The North Carolina Workers' Compensation Act presumes that all employers and employees fall under the jurisdiction of the Act:

[E]very *employer and employee* . . . shall be presumed to have accepted the provisions of this Article respectively to pay and accept compensation for personal injury or death by accident *arising out of and in the course of his employment* and shall be bound thereby.

N.C.G.S. § 97-3 (1999) (emphasis added). *Cf.* Ind. Code § 22-3-2-2 (2002); Or. Rev. Stat. § 656.017 (2001).

In *Rorie v. Holly Farms Poultry Co.*, our Supreme Court summarized the purpose of the Workers' Compensation Act:

The purpose of the Workers' Compensation Act is twofold. It was enacted to provide swift and sure compensation to injured workers without the necessity of protracted litigation. This Court has long held that the Act should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow and strict interpretations. *The Act, however, also insures a limited and determinate liability for employers, and the court cannot legislate expanded liability under the guise of construing a statute liberally.* The rule of statutory construction is to give the legislative intent full effect when interpreting the language of the statute. While the Act should be liberally construed to benefit the employee, *the plain and unmistakable language of the statute must be followed.*

306 N.C. 706, 709-10, 295 S.E.2d 458, 460-61 (1982) (citations omitted) (internal quotations omitted) (emphasis added).

The Act's plain language specifically provides that an employee's injury is compensable only when the injury "aris[es] out of and in the course of the employment." N.C.G.S. § 97-2(6) (1999).

Furthermore, an employee's common law rights against the employer are abrogated and the exclusive remedy for on-the-job injuries lies within the Act:

> If the employee and the employer are subject to and have complied with the provisions of this Article, then *the rights and remedies herein granted to the employee* ·. . . *shall exclude all other rights and remedies of the employee . . . as against the employer at common law or otherwise on account of such injury or death.*

N.C.G.S. § 97-10.1 (1999) (emphasis added). *Cf.* Ind. Code § 22-3-2-6 (2002); Or. Rev. Stat. § 656.018 (2001). This section limits an employee, whose injury occurred by accident and *arose out of and in the course of the employment*, to the rights and remedies provided by the Act. "An injury arises out of the employment 'when it is a natural and probable consequence or incident of the employment and a natural result of one of its risks, so there is some causal relation between the injury and the performance of some service of the employment.' " *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 496, 340 S.E.2d 116, 124 (1986) (quoting *Robbins v. Nicholson,* 281 N.C. 234, 239, 188 S.E.2d 350, 354 (1972)).

Additionally the plain language of the statute establishes that the abrogation of an employee's common law rights and remedies against his employer applies only to the employer. A court is barred from hearing any common law action brought by the employee against the employer for the same injury. N.C.G.S. § 97-10.1 (1999). The Act expressly permits actions against third-party tortfeasors, so long as the third-party is not the employer or a fellow employee. N.C.G.S. § 97-10.2 (1999); *Lovette v. Lloyd*, 236 N.C. 663, 667, 73 S.E.2d 886, 890 (1953). *Cf.* Ind. Code § 22-3-2-13 (2002); Or. Rev. Stat. § 656.154 (2001).

An employee is permitted to bring a malpractice claim against physicians who treat an employee's compensable injury. *Bryant v. Dougherty*, 267 N.C. 545, 148 S.E.2d 548 (1966). This right was affirmed in *North Carolina Chiropractic Ass'n, Inc. v. Aetna Cas. & Sur. Co.*, 89 N.C. App. 1, 6, 365 S.E.2d 312, 315 (1988), wherein Judge Parker (now Justice) wrote: "The Act does not take away common law rights that are unrelated to the employer-employee relationship."

In affirming an employee's right to sue a vocational rehabilitation company in tort, the Indiana Court of Appeals, in *Campbell,* cogently

noted that "various entities may be involved in assisting employers to fulfill their obligations under the worker's compensation laws, such as ambulance services, hospitals, physicians, and others providing medical and rehabilitative care covered under worker's compensation." *Campbell*, 670 N.E.2d at 930. The same is true under North Carolina's Workers' Compensation Act.

Here, the allegedly negligent conduct of defendants is not the kind of harm for which our Workers' Compensation Act was intended to compensate. Plaintiff's negligence action against these two vocational rehabilitation therapists is separate and distinct from the plaintiff's original workers' compensation claim. The injury underlying plaintiff's claim against the defendants did not arise out of and in the course of employment, nor did it result naturally and unavoidably from the original injury that served as the basis for plaintiff's original workers' compensation claim. N.C.G.S. § 97-2(6) (1999); *see Bryant*, 267 N.C. at 548, 148 S.E.2d at 551-52; *Hogan*, 79 N.C. App. at 496, 340 S.E.2d at 124. Defendants' allegedly negligent conduct cannot rationally be considered the natural result of plaintiff's compensable injury. One cannot say that when a vocational rehabilitation therapist treats an injured worker it is naturally expected that further injury will result. Indeed, the reasonable expectation is that the original injury will be ameliorated.

Plaintiff's action for negligent infliction of emotional distress against two third-party vocational rehabilitation therapists is analogous, for jurisdictional purposes, to a medical malpractice claim against a treating physician. After being injured during the course of employment, employees often require treatment by third-party professionals. In *Bryant v. Dougherty*, 267 N.C. at 548, 148 S.E.2d at 551-52, our Supreme Court wrote:

> The Workmen's Compensation Act does not confer upon the Commission jurisdiction to hear and determine an action, brought by an injured employee against a physician or surgeon, to recover damages for injury due to the negligence of the latter in the performance of his professional services to the employee. G.S. § 97-26 relates to the right of the employee to recover damages or benefits under the Act from the employer, and so from the insurance carrier of the employer. It does not impose liability upon the physician or surgeon or relieve him thereof.

Here, defendants rendered professional services to plaintiff. As with surgeons or physicians, North Carolina's Workers' Compensa-

tion Act does not impose liability upon rehabilitation therapists or relieve them thereof. *See id.*

Our Act is founded on the principle that in forming the employer-employee relationship, both employer and employee mutually assent to the Act's governance of claims by employee against the employer for injuries to employee arising out of the scope of employment. As to the relationship between a third-party care provider and an employee pursuing a compensable claim, no mutual assent to submit to the Workers' Compensation Act exists. Plaintiff's claim, though it arose during treatment for a compensable injury, as do many medical malpractice claims, is not the type of claim that was intended to be covered by our Workers' Compensation Act.

Accordingly, I would hold that jurisdiction of plaintiff's claim lies squarely with the trial court. For the foregoing reasons and the reasons stated in *Riley*, 144 N.C. App. 357, 547 S.E.2d 831, I would reverse the trial court's decision and remand for trial.